WILLIAM HOWARD BOWERS v. MATILDA BOWERS.

No. 13,749.    (78 Pac. 430.)

SYLLABUS BY THE COURT.

1. DIVORCE—*Court May Sustain Demurrer to Plaintiff's Evidence and Retain Case for Further Hearing in Regard to Division of Property.* In an action for divorce and for a division of property a demurrer to plaintiff's evidence was interposed on the ground that the evidence introduced proved no cause of action in favor of plaintiff and against defendant. *Held,* not error for the court to sustain the demurrer to plaintiff's claim for divorce and retain the case for further hearing upon the matter of a division of the property.

2. ——— *Statute Authorizes Court to Make Equitable Division of Property, after Refusing Divorce.* In an action for divorce and for a division of property, where a divorce is refused the court is authorized, under section 5136 of the General Statutes of 1901, to make such order as may be proper for the control and equitable division of the property of the parties, or the property of either of them.

Error from Pottawatomie district court; ROBERT C. HEIZER, judge.   Opinion filed November 5, 1904. Affirmed.

*John E. Hessin*, for plaintiff in error.

*Alvin R. Springer*, for defendant in error.

The opinion of the court was delivered by

ATKINSON, J. : This is an action brought by Matilda Bowers in the district court of Pottawatomie county against her husband, William Howard Bowers, for a divorce and a division of property.  When plaintiff rested her case a demurrer was interposed on the ground that the evidence introduced proved no cause of action in favor of plaintiff and against defendant. The court sustained the demurrer as against plaintiff's claim for a divorce.  Subsequently the court heard further testimony, and entered judgment making an

equal division between the parties of a 240-acre tract
of land owned by defendant.   Defendant complains
of the proceedings of the trial court subsequent to
sustaining the demurrer, and asks a reversal of the
judgment.

It is urged by defendant that the proceedings of
the court in taking testimony in the matter of a di-
vision of property, after having sustained a demurrer
to the evidence, was unauthorized ; that the court had
lost jurisdiction to proceed with a further hearing of
the case.   It is further urged by defendant that
whether the allowance to plaintiff be designated ali-
mony, or a division of property, it was error to grant
it ; that since by statute (Gen. Stat. 1901, § 5144) the
grounds for which alimony may be awarded are the
same as the grounds for which the court may grant a
divorce, the decision of the court in sustaining the
demurrer to plaintiff's evidence constituted a finding
by the court that no grounds had been proved for
which alimony could be awarded plaintiff.   It is also
urged by defendant that the statute contemplates a
division of property only when both plaintiff and de-
fendant are in equal wrong and a divorce for that
reason is refused ; and that, the testimony of defend-
ant not having been heard, the court could not find
that defendant was in the wrong.

The petition of plaintiff contained two causes of
action, one charging gross neglect of duty, and one
charging extreme cruelty.   No claim was therein
made for permanent alimony.   There was, however,
an averment that plaintiff was entitled to an equal
division of defendant's property.   A request for an
equal division of the property of defendant is found
in the prayer for relief.   Defendant asked no affirma-
tive relief.   In his answer defendant denied that he

had been guilty of neglect of duty, or extreme cruelty, as charged by plaintiff; averred that prior to the commencement of the action there had been a division of the property; alleged numerous shortcomings on the part of plaintiff, but averred his willingness to support and maintain plaintiff in such comfort as her health demanded.

Upon the trial it was admitted that prior to the commencement of the action the property, aside from the 240-acre tract, had been divided between plaintiff and defendant. The tract in controversy was the joint accumulation of plaintiff and defendant since their marriage.

An examination of the record discloses that the court, while sustaining the demurrer to plaintiff's evidence, sustained the same only upon the matter of granting a divorce, and retained the case for further hearing upon the question of a division of the property. Upon the matter of a further hearing the journal entry reads:

"And thereupon, for the purpose of considering the evidence already introduced, and the admissions made by the parties in reference to the property of the parties, and also such other evidence as the parties might produce to the court, the court adjourned the further hearing of said cause until September 16, 1902."

Subsequently a further hearing of the case was had, at which defendant appeared with counsel and gave testimony, and additional testimony was offered by plaintiff. At the conclusion of the trial the court entered judgment for an equal division of the 240-acre tract between plaintiff and defendant, and appointed commissioners to make the division, as in an action of partition.

As has been observed, the petition involved an application for divorce, and, in addition thereto, an ap-

plication for a division of defendant's property. The demurrer to plaintiff's evidence raised the question of the sufficiency of the evidence to grant the relief asked by plaintiff in her petition. While it was the duty of the court to apply the challenge of the sufficiency of the evidence to both of plaintiff's claims, it was within the province of the court to apply it to each claim separately, if under the statute plaintiff was entitled to claim a division of defendant's property.

So much of section 5136 of the General Statutes of 1901 as provides for a division of property reads :

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable, and just."

It is clear that under said section 5136, in any case where a divorce is refused, the court is authorized to make such order as may be proper for the control and equitable division of the property of the parties, or the property of either of them. Nor is there in this section a conflict with the provisions of section 5144 of the statute, which provides that alimony shall be awarded for the same causes for which a divorce may be granted. In enacting the two sections the legislature undoubtedly had in view the distinction recognized between alimony and an equitable division of property. The principal distinction appears to be that alimony has for its basis maintenance only, while a division of property has for its basis the giving to each party the portion of the property justly and

equitably due, without regard necessarily to the necessities of the case.

The record does not contain the testimony produced by plaintiff prior to the sustaining of the demurrer to the evidence, which from the record it appears the court considered in making a division of the property. We cannot therefore review the testimony. We must presume that it warranted the court in making an equal division between plaintiff and defendant of the 240-acre tract of land, and that the court did not abuse its discretionary powers in doing so.

The judgment of the district court is affirmed.

All the Justices concurring.