HILL v. HILL.

No. 32125.   Oct. 22, 1946.

Rehearing Denied Nov. 19, 1946.

*174 P. 2d 232.*

Mart Brown and Frank Dudley, both of Oklahoma City, for plaintiff in error.

O. A. Cargill, James R. Eagleton, and O. A. Cargill, Jr., all of Oklahoma City, for defendant in error.

GIBSON, C.J. The plaintiff in error was the defendant and the defendant in error was the plaintiff in the district court, and they will be referred to here-

in as they appeared in the court below.

Plaintiff, Frances Hill, sued defendant, Houston Hill, her husband, for divorce, property division and alimony. The court awarded her an absolute divorce on ground of extreme cruelty, set apart to her certain property as her share of the estate accumulated during the coverture, and granted her permanent alimony.

The sole ground of appeal is stated in defendant's brief as follows:

"The only question presented by this appeal is whether the court erred in its judgment on the division of property between the parties and in granting plaintiff alimony in the sum of $5,000."

According to the court's findings, the defendant, at the time of the marriage, was possessed of property of the value of $14,127.50 and, during the marriage, there was accumulated property of the value of $6,474.

Under the terms of the decree the plaintiff, for her share of the accumulated estate, was awarded specific property of the value of $6,438.50, and for alimony was awarded the sum of $5,000, payable in monthly installments of $70 each for the first twelve months and of $50 thereafter.

Touching the court's division of the accumulated property it is urged there is no basis in the evidence to hold that plaintiff for her share is entitled to practically all of such property, and that to the extent defendant's interest therein is defeated the decree is confiscatory. It is further urged that the amount of alimony allowed is excessive.

The provisions of the statute (12 O.S. 1941 §1278), controlling both questions, are as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper."

The distinction between a judgment for alimony and one for division of property was defined in Bowers v. Bowers, 70 Kan. 164, 78 P. 430, and quoted with approval by this court in Davis v. Davis, 61 Okla. 275, 161 P. 190, and Tobin v. Tobin, 89 Okla. 12, 213 P. 884, as follows:

" 'The principal distinction appears to be that alimony has for its basis maintenance only, while a division of property has for its basis the giving to each party the portion of the property justly and equitably due, without regard necessarily to the necessities of the case.' "

The duty of the court in making division of property jointly acquired during marriage involves primarily merely the determination on equitable grounds of the extent of the right of each therein in view of their respective conduct and efforts as the conducive or contributing factors. Hence, the question

of need affords no criterion and the matter of personal conduct is material only to the extent it may reflect the existence or nonexistence of that endeavor which contributed to the creation of the estate. This conclusion is stated in Tobin v. Tobin, supra, as follows:

"This division of the section contemplates and requires that, whether the divorce is granted to the husband or the wife, the property jointly acquired by them during the marriage, whether it be in the name of the husband or the wife or both, shall be divided between them in a manner just and reasonable, taking into consideration all the facts and circumstances surrounding the life of the parties, and the efforts of each to accumulate the same."

To the same effect is Greer v. Greer, 194 Okla. 181, 148 P. 2d 156.

Herein the period of coverture was seven years. The family unit included the father and mother of plaintiff. The father made no substantial contribution to plaintiff or defendant, but the mother performed service in the home. The plaintiff occupied a salaried position during the major portion of the period earning $150 to $160 per month. The defendant during the earlier part of their married life earned a salary of $5,000 per year and thereafter $3,600 per year, which amount he was earning at the time of divorce. The jointly acquired estate was reflected by: $2,000 equity in home, of which $1,000 was realized through enhancement in market value and $1,000 by reduction in mortgage indebtedness; $1,400, furniture in the home; $1,373 cash surrender values in life insurance policies on defendant's life; $1,000 in war bonds; and $700, increased automobile value; aggregating $6,474.

The property awarded plaintiff as her share in division of the joint estate was: the home, which carried an equity of $2,538.50 existing in defendant at time of marriage and the increased equity of $2,000; the furniture of $1,400

value; and $500 in war bonds, aggregating $6,438.50

In Tobin v. Tobin, supra, we said:

"In determining what is equity as to jointly acquired property, the court not only has a right, but should take into consideration the efforts of the respective parties during their married lives. Circumstances may arise under which, when the court under this provision of the statute, is called upon to divide the jointly acquired property, that the wife might be entitled to a large per cent of the accumulations, or much in excess of one-half. If it should develop in the trial of the cause that the accumulations have been due to her economy, industry, frugality, and sturdy virtues, which have been a stay to the home and the constant guard of the accumulations, and at the same time it should develop that the husband has not been frugal, has not been industrious, has not been sagacious, but, on the contrary, has spent much of his money in riotous living, in gambling, drinking, or associations truant to his marriage vows, it would not be equitable to the wife, under these circumstances, that the husband should be given half of their property."

In the instant case there is no evidence of the absence of economy, industry, or frugality on the part of either, and the results achieved under existing . conditions betoken the existence of such qualities.

Under such circumstances we conclude there existed no justifiable basis for awarding the plaintiff more than 50 per cent of the jointly acquired estate as her share thereof. Such excess, however, while not distributable as a part of plaintiff's share in the estate, could have been awarded as part of the alimony decreed. (Harden v. Harden, 182 Okla. 364, 77 P. 2d 721.)

The basis for the allowance of alimony stated in Johnson v. Johnson, 57 Kan. 343, 46 P. 700, and quoted with approval by this court in Tobin v. Tobin, supra, is as follows:

" 'The foundation for its allowance is the duty of the husband to provide for the wife's support; and where a divorce or separation occurs because of his fault, the duty of providing for her maintenance continues, and the court by an allowance of alimony compels its performance.' "

We have repeatedly held that the allowance of permanent alimony rests in the sound discretion of the trial court, to be exercised in view of husband's estate and ability, wife's condition and means, and conduct of the parties, and that same will not be disturbed on appeal unless clearly against the weight of the evidence (Doutt v. Doutt, 73 Okla. 213, 175 P. 740; McCarty v. McCarty, 193 Okla. 18, 141 P. 2d 103; and Turlington v. Turlington, 193 Okla. 421, 144 P. 2d 957).

Considered independently of the division of the joint estate, we cannot say that the amount of alimony decreed is excessive. Such being true, the error in the judgment occurs solely in the manner of the division, whereby the plaintiff was awarded $3,201.50 in excess of her share. This value, being an integral part of the property allotted in kind, could only have been granted as alimony or part thereof, and to be upheld in the instant case must be deemed a payment to that extent of the alimony allowed, which would reduce the amount of alimony payable in money to $1,798.50, without further modification by this court.

Assuming that in decreeing the alimony the court took into consideration the joint estate as well as the separate estates of the parties, as was proper (Whitehorn v. Whitehorn, 169 Okla. 332, 36 P. 2d 943), and was to some extent governed thereby, and exercising the power of this court to enter such decree as should have been entered (Moseley v. Moseley, 171 Okla. 150, 42 P. 2d 238), the court holds that the award to the plaintiff of the joint property to the extent of 50 per cent of the value thereof is to be deemed a payment on the allowance of alimony, and that in addition thereto the plaintiff is entitled to $2,500 payable as in the decree provided.

For reasons stated, the judgment of the trial court is so modified and the cause remanded to that court to vacate the judgment rendered plaintiff for $5,000, and in lieu thereof render judgment for $2,500 with credit to be allowed defendant for all payments made since date of the judgment of the trial court and the balance payable in monthly installments of $50 each.

HURST, V.C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.