## MARCUS v. MARCUS.

No. 33602. Feb. 7, 1950.
Rehearing Denied Feb. 28, 1950.

*214 P. 2d 899.*

Wendell G. Stockton, of Oklahoma City, for plaintiff in error.

George Gay, of Oklahoma City, for defendant in error.

LUTTRELL, J. Plaintiff, Moe Marcus, brought this action for divorce against his wife Mollie Marcus, on the ground of extreme cruelty and gross neglect of duty. In his amended petition he alleged that the parties were the owners of a taproom located at 3017 North Classen Boulevard, Oklahoma City, of the approximate value of $10,000, a taproom located at 3 North Broadway, Oklahoma City, of the approximate value of $6,000, one two-door sedan, household furniture, a bank account in the name of defendant in the sum of approximately $400, and an account in his name of $25. He asked for divorce and for title to all the property, except the household furnishings, tendered alimony in the sum of $9,000, which he later increased to $10,000, payable at the rate of $150 per month, and $50 per month as child support for the minor child of the parties. He alleged that he had always conducted himself as a faithful husband and gave defendant no cause or provocation for her extreme cruelty and gross neglect of duty.

Defendant by answer and cross-petition denied plaintiff's allegations of extreme cruelty and gross neglect of duty; asked for a divorce from plaintiff because of extreme cruelty and gross neglect of duty; alleged that she was the owner of both taprooms by reason of two bills of sale executed by plaintiff to the defendant, and claimed them as her separate property; asked for $100 per month child support, and for such other and further relief as the trial court should find her entitled to. Upon the trial of the cause the trial court awarded defendant a divorce on her cross-petition, awarded her the taproom located at 3017 North Classen Boulevard, Oklahoma City, the two-door sedan and household furniture. It also awarded the defendant $1,500 alimony payable at the rate of $25 per month, and gave her the care and custody of the child. Plaintiff was ordered to pay $50 per month as child support during the minority of the child, or until the further order of the court. Plaintiff appeals from the judgment dividing the property.

From the evidence it appears that the parties had been married some nineteen years and had one child seven years of age; that they had acquired the two taprooms, both located in rented buildings; household furnishings which defendant valued at $400 or $500, and a 1940 Chevrolet sedan valued at some $600. Defendant testified that she at one time turned over to the plaintiff $2,000 paid to her for damages due to injuries received in an automobile accident, and $500 at another time, and that these sums had been invested in the business by plaintiff. She further testified that after she had plaintiff arrested in a hotel room with another woman, he gave her the two taprooms, reserving the management thereof to

himself. Plaintiff admitted that he had executed the bills of sale and contract testified to by defendant, but asserted that he was forced to do so to avoid criminal prosecution after being found in the hotel room with this woman, although he testified that he was merely visiting the woman, and that there was in fact no foundation for a criminal prosecution. He admitted that within the last three months preceding the trial he had taken this woman, who was working for him at the time, to Kansas City, where they stayed at the same hotel and visited various night clubs at his expense, stating that he took her there for the purpose of getting ideas on how to properly operate beer taverns. He also testified that he had purchased for himself a 1947 Chrysler automobile for which he paid $2,800, but stated that after buying it he had borrowed $2,700 from a friend, which money he had spent, partly in gambling, and turned the automoible over to his friend in payment of the loan. He admitted that he had been driving the automobile until just a few days before the trial of the case. Aside from $200, which he stated he paid for some clothes for his wife, he could not account for what became of the $2,700, except that he gambled part of it. While he testified that the Classen taproom had an average daily income of $70 or $80 per day, the records furnished by him to an auditor appointed by the court with the consent of both parties indicated that from January 1, 1947, to October 25, 1947, the taproom had operated at a loss, the total loss on October 25th being $2,364.45. The auditor testified that the records were so incomplete that he could not make an intelligent audit. Defendant testified that while plaintiff operated the Classen taproom he habitually took $25 per day from the cash register and put it in his pocket, in order to avoid the payment of income taxes on his income. She testified that she had been operating the taproom after this action was commenced, and had made a profit therefrom.

Considering this evidence and other evidence adduced at the trial, we do not agree with plaintiff's contention that the division of the jointly-acquired property was inequitable.

In Tobin v. Tobin, 89 Okla. 12, 213 P. 884, we said:

"If it should develop in the trial of the cause that the accumulations have been due to her economy, industry, frugality, and sturdy virtues, which have been a stay to the home and the constant guard of the accumulations, and at the same time it should develop that the husband has not been frugal, has not been industrious, has not been sagacious, but, on the contrary, has spent much of his money in riotous living, in gambling, drinking, or associations truant to his marriage vows, it would not be equitable to the wife, under these circumstances, that the husband should be given half of their property."

The rule announced in Tobin v. Tobin, supra, that equitable division did not mean equal division has been applied by this court under varying circumstances in many cases. See Hill v. Hill, 197 Okla. 697, 174 P. 2d 232; Nelson v. Nelson, 175 Okla. 275, 52 P. 2d 786, and cases cited in Note 11, 12 O.S.A., section 1278.

The rule stated above in Tobin v. Tobin seems peculiarly applicable to this case when considered in the light of the evidence as summarized above. Plaintiff conceded at the trial that his wife had taken good care of the child and had not neglected their home life, but testified that she had cursed and abused him at various times. This abuse, however, appears to have been inflicted upon him because of his association with other women. His story as to the loan of $2,700 made to him by his friend who, as he testified, pulled out of his pocket $1,700 cash on one occasion and loaned it to plaintiff without security, and on another occasion produced $1,000 cash which he likewise loaned plaintiff without security, and his statement that he turned

over his new automobile in payment of the loan, is, to say the least, unusual, if not unbelievable, and his admission that he spent this money in riotous living, plus his admission of association with other women, justified the trial court in giving the wife such property and alimony as would tend to insure a livelihood for herself and child in the event plaintiff dissipated his property or concealed his earnings. He contends that he was entitled to all the property upon his payment of $10,000 at the rate of $150 per month. But if he had received all the property, and disposed of the property, or concealed the income, so that he could avoid paying the $150 per month and the additional $50 for child support, defendant and the child would be left penniless. Since plaintiff's records, which he submitted to the auditor, showed that he had been operating both taprooms at a substantial loss through the summer of 1947, this might not be a remote possibility.

Furthermore, unless we accept as truthful defendant's testimony that plaintiff habitually took considerable sums of cash from the cash registers to enable him to show such loss, it is difficult to understand why plaintiff should be so anxious to retain ownership of the Classen taproom, which, according to his records, was a losing venture. Defendant testified that she could make a profit from the operation of the Classen taproom, although plaintiff's figures showed that he had lost money on it. When all these matters are taken into consideration, we are unwilling to say that the division of the jointly acquired property by the trial court was inequitable, or clearly against the weight of the evidence.

Defendant's attorney in this court asks this court to allow him a reasonable attorney's fee for his services, to be paid by plaintiff. We think this a reasonable request, and that a fee of $150 for services of her attorney in this court would be a reasonable fee, and same is hereby allowed.

Affirmed.