NOEL v. NOEL.

No. 34807.   Feb. 5, 1952.

*240 P. 2d 739.*

Hickman & Hickman, Tulsa, for plaintiff in error.

Walter L. Kimmel and Norma Wheaton, Tulsa, for defendant in error.

GIBSON, J.  Plaintiff sued defendant for divorce and an equitable division of property. Defendant answered with a plea of infidelity on the part of the husband and asked that a divorce be denied plaintiff. At the conclusion of a trial the court entered judgment denying plaintiff's prayer for divorce. Plaintiff filed a motion for new trial. While this motion was pending defendant filed a cross-petition in which she prayed for a divorce, alleging that

plaintiff had abandoned her and further alleging gross neglect of duty in that plaintiff had failed to provide for her. She set out certain property accumulated during the married life of the parties, asked for all the described property and for alimony and attorney's fees. Plaintiff filed a general denial. Thereupon the order denying plaintiff a divorce was vacated and additional evidence was heard.

Judgment was entered granting defendant a divorce on her cross-petition. Defendant was awarded the major portion of the property which had been jointly acquired during coverture and in addition was awarded $12,000 in alimony payable at the rate of $100 per month and a total of $500 attorneys' fees.

Plaintiff has lodged this appeal contending that the trial court erred in his division of the jointly accumulated property; and in the award of alimony and attorney's fees.

Both parties prayed that a divorce be granted and the granting of the decree to defendant is fully sustained under the evidence.

Plaintiff contends that the manner of division of the property which the parties had accumulated in 25 years of married life was unfair and inequitable and that it unjustly enriched the wife and impoverished the husband. The divorce was granted by reason of the fault of the husband. All their property was jointly acquired during coverture. They began their married life with nothing. Plaintiff then drew a salary of $140 per month. At the time of the trial his monthly salary was $670, and he had been employed by the same company for more than 25 years. Defendant was employed in the business world at the time of the marriage and continued working for several years, until they acquired a home. Thereafter she kept roomers for a year. Some seven years before the trial she was again employed and at the time of the trial was earning $200 per month.

Plaintiff was 48 years of age and defendant was 47. There were no children.

Evidence reveals that their property consisted of the house and furnishings valued at about $16,500, and two automobiles each worth about $1,700. In 1929 defendant began a savings account and at the trial she had $2,000 in that account. The husband had his salary check for two weeks. Several months before the trial plaintiff had left defendant and had withdrawn $3,700 from a joint bank account, leaving $1,000 there for defendant.

The trial court awarded all of the above mentioned property, except one automobile and the money withdrawn by plaintiff, to the defendant. In his attack upon the judgment plaintiff argues that an equal division of the jointly acquired property would be a fair and just division as contemplated by the statute. Tit. 12 O. S. 1951 §1278.

This court has repeatedly refused to follow a rule of equal division of jointly acquired property. In Boles v. Boles, 194 Okla. 261, 149 P. 2d 502, we said:

"On granting a divorce to either the husband or wife the court is required by 12 O.S. 1941 §1278 to make a just, fair, and equitable division of the property acquired by the parties jointly during their marriage. In doing so the court is not required to divide the property equally between the parties, but is given a wide latitude in determining just what part of the jointly accumulated properties shall be given to each of the parties."

Nelson v. Nelson, 175 Okla. 275, 52 P. 2d 786, was similar to the present case in many respects. The same rule was therein stated. See, also, Tobin v. Tobin, 89 Okla. 12, 213 P. 884. And in McCarty v. McCarty, 193 Okla. 18, 141 P. 2d 103, we said:

"There is no rule of law requiring any specified fractional part of so-called joint accumulations, or of the husband's separate property, to be set apart or allowed to the wife, or payments of money, in gross or installments, to the

wife, upon divorce awarded her for the husband's fault, as each case depends upon its own facts and circumstances."

Plaintiff cites and strongly relies upon our decision in Hill v. Hill, 197 Okla. 697, 174 P. 2d 232. The Hill case is not authority for saying that jointly acquired property is to be equally divided. In that case we were considering the factual situation of that particular case, and as said in the McCarty case each case depends on its own facts and circumstances. In the Hill case the husband had a sizeable estate at the time of marriage, while in the instant case the parties started with nothing but their jobs. In this case the wife contributed to payment of the obligation on the home from her salary, while in the Hill case this was not true. In the Hill case we quoted from the Tobin case, and we said that the division of property as contemplated by the statute requires a division in a manner just and reasonable, taking into consideration all the facts and circumstances surrounding the life of the parties and the efforts of each to accumulate the same.

In the case before us, aside from the home acquired by joint contributions from the salaries of both parties and the savings account which the wife, through frugality, had acquired through the years, the estate was small, consisting of two automobiles of equal value, and two pieces of wildcat royalty of practically no value. The trial court no doubt considered that the earning power of the wife was less than one-third of the husband's and that the evidence showed their living expenses would be about equal. It would therefore seem only equitable, under such circumstances, that the wife should be given the home regardless of the fact that its value constitutes the major portion of the joint estate. We have examined the record and we cannot say that the property division is clearly against the weight of the evidence.

"An action for divorce and division of property is one of equitable cognizance, and the judgment of the trial court in such a case will not on review be disturbed by this court unless it be clearly contrary to the weight of the evidence." Turlington v. Turlington, 193 Okla. 421, 144 P. 2d 957.

Plaintiff complains that the award of alimony to defendant in the sum of $12,000 was unjust and excessive. When a divorce is granted by reason of the fault of the husband it is declared in the statute, Tit. 12 O. S. 1951, §1278, that alimony may be allowed as the court shall think reasonable, having due regard for the value of his real and personal estate at the time of the divorce.

After the trial court's order of property division the plaintiff was left with a small estate consisting of an automobile worth $1,700; an annuity interest that will pay him $60 per month when he reaches the age of 65. He has some life insurance policies but no adequate proof was made of their cash surrender value. He has a salary of $670 per month, which after deductions amounted to $540.

The distinction between division of property and alimony is discussed in Tobin v. Tobin, supra. The basic idea of alimony is that it is an allowance for the support of the wife.

"When the trial court in a divorce action awards alimony in money which is excessive under all the circumstances shown and entitled to consideration, it is the duty of this court on appeal to fix the alimony award at a reasonable amount." Dobry v. Dobry, 203 Okla. 327, 220 P. 2d 698.

Although the divorce in this case was granted by reason of the fault of the husband, the granting of alimony cannot be fixed on the basis of a penalty. Alimony must be predicated on what is reasonable for the support of the wife, under all of the circumstances of the case.

Considering the fact that the wife was given the major portion of the jointly acquired property together with all of the other circumstances of the case, we believe that allowance of ali-

mony in the sum of $12,000 was excessive and that it imposes upon the husband a burden not contemplated by the statute as being reasonable. It is therefore the order of this court that the award of alimony be reduced to $7,000, payable monthly at the rate of $100 per month until paid.

Plaintiff further contends that the trial court erred in requiring him to pay defendant's attorney's fees in the sum of $500. Plaintiff himself began this action. Thereby he compelled the defendant to employ counsel and defend herself against the chárges made by plaintiff and to prosecute her rights. The court was empowered to award judgment for her attorneys' fees. Cates v. Cates, 194 Okla. 414, 152 P. 2d 261; Clark v. Clark, 201 Okla. 134, 202 P. 2d 990.

As indicated in our statement of the case, there were two trials had.

We have not been shown that the award for attorneys' fees was unreasonable.

The judgment is modified as to the award for alimony, as above indicated, and as so modified it is affirmed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.