## WEEKLEY v. WEEKLEY.

No. 35565.   June 16, 1953.

258 P. 2d 622.

Percy Hughes, Hobart, for plaintiff in error.

Robert B. Harbinson and Stansell Whiteside, Altus, for defendant in error.

WILLIAMS, J. Parties are referred to herein as in the trial court.

Plaintiff, Robert Weekley, sued defendant, Margaret Weekley, for divorce; Mrs. Weekley filed a cross-petition in which she prayed for a divorce and the division of jointly acquired property. Judgment was rendered for Mrs. Weekley on her cross-petition, and she was awarded alimony in the amount of $6,500, with the provision that described property owned by the plaintiff should be conveyed to her if the alimony had not been paid by a certain date.

Plaintiff has duly appealed, alleging several errors in the court below; however, in his brief he abandons all such allegations except error in the allowance of the alimony. His argument in this connection is that all of the property accumulated during coverture was plaintiff's separate property; also, that since his liabilities exceeded his assets, there was in reality no property to be divided, and alimony, therefore, should not have been allowed.

The evidence in this regard was to the effect that plaintiff had purchased four beer taverns during the marriage, an automobile, and other personal property, all of which he still owned, the total purchase price being in the approximate amount of $26,000. Plaintiff testified that all of the money for these purchases had been borrowed by him and had not been repaid. Most of the money had been borrowed from his father, or with his father as surety; however, the mortgages securing such debts were not placed of record till after the filing of this action, and defendant charged that they were not bona fide mortgages. Plaintiff also testified that his income at the time of trial was about $500 per month; Mrs. Weekley testified that the income from two of the four beer taverns totaled about $800 per month.

In Marcus v. Marcus, 202 Okla. 451, 214 P. 2d 899, this court said:

"Where a divorce is granted the wife because of the fault of the husband, the court in its discretion should make an equitable distribution of jointly acquired property, *and may also, in its discretion, allow the wife alimony out of the property of the husband.*" (Emphasis supplied.)

In Schatz v. Schatz, 202 Okla. 433, 214 P. 2d 943, the following rule is expressed:

"Where divorce is granted wife by reason of the fault of the husband, the allowance of permanent alimony rests in the sound discretion of the *** court."

In the body of the opinion, the court said:

"It is well established that where a divorce is granted the wife by reason of the fault of the husband the allowance of permanent alimony rests in the sound discretion of the trial court and that the trial court's conclusion in this respect will not be disturbed on appeal unless against the clear weight of the evidence, or unless there has been some abuse of discretion."

And in Mathews v. Mathews, 186 Okla. 245, 96 P. 2d 1054, we find the following:

"Although the statute, sec. 672, O.S. 1931, 12 Okla. St. Ann. §1278 (12 O.S. 1951 sec. 1278), provides that the wife shall be allowed alimony 'out of the husband's real and personal property', where a divorce is granted by reason of his fault, alimony may be allowed in a proper case where the husband has no estate."

In the body of the opinion is the following:

"We have on various occasions stated that the earning capacity of the husband is a proper element to be taken into consideration in determining the amount of alimony."

Under the facts in this case and the above-stated rules of law, it is immaterial whether, as plaintiff contends, the property here concerned was his separate property or whether same was, in fact, jointly acquired. There was evidence herein that the husband had a substantial monthly income, and, as is shown above, the earning capacity of the husband is a proper element to consider in determining the amount of the alimony.

Considering the facts that all the property was acquired during coverture, although in part at least with proceeds of property of plaintiff owned by him prior to the marriage; that the mortgages were not placed of record till after this suit was filed; and that plaintiff had an income of between $500 and $800 per month, or more, we hold that the discretion of the trial court was not abused, and that the judgment is not against the clear weight of the evidence.

Motion of defendant to dismiss plaintiff's appeal as frivolous, renewed in her brief with permission of the court, is denied.

The judgment of the trial court is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, and O'NEAL, JJ., concur.