John L. WARD, Jr. and Annie L. Ward, Plaintiffs in Error,

v.

Lillian Patricia WARD, Defendant in Error.

No. 37393.

Supreme Court of Oklahoma.

Oct. 15, 1957.

F. J. Lucas, Tulsa, Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiffs in error.

Biddison & Rheam, Tulsa, for defendant in error.

JOHNSON, Justice.

This appeal stems from an action for divorce brought by plaintiff Lillian Patricia Ward against John L. Ward, Jr., and for the purposes of settling certain property rights which we will hereinafter consider, she joined his mother, Annie L. Ward, as defendant.

Divorce was granted on the grounds of incompatibility.

Plaintiff was awarded the custody of their eleven-year-old daughter, $125 per month child support, division of jointly acquired property and $25,200 alimony, payable in not less than $300 monthly payments, which judgment was decreed to constitute a lien on certain real property, allegedly belonging to defendant's mother, Annie L. Ward.

The decree concerning the custody and support of the minor child and the dissolution of the marriage relationship is unquestioned. Defendants, in this appeal, complain only of the decree and judgment concerning the property settlement and award of alimony. They contend that the decree relating to the property settlement, award of alimony, and the finding of the trial court that defendant John L. Ward, Jr., owned a one-half interest in certain property belonging to his mother, Annie L. Ward, and impressing a lien upon same for the alimony was against the clear weight of the evidence and contrary to law.

It is first contended that the court erred in not deducting the debts of the husband in determining the net value of the jointly accumulated property, and that the failure to deduct such debts in the case at bar resulted in an unfair and inequitable division of such property.

The gross joint accumulations of the parties during their marriage were in the sum of $32,575. The amount stipulated as debts of the husband was $12,802.33, which, when subtracted from the gross amount, leaves a net amount of $19,772.67. Plaintiff was awarded $17,675, leaving to the

husband only $2,101.67, resulting in approximately 90 percent of the joint accumulations being awarded to the plaintiff.

Ordinarily the contention of defendant would prevail, but an examination of the various items of the jointly acquired property discloses that they are principally items of necessity, such as living quarters, household furniture, etc., all of which may be used in the care of their minor child, and we find no error in the order of division of the property acquired during coverture, as the division appears to us to be just and reasonable under the circumstances. See Hill v. Hill, 197 Okl. 697, 174 P.2d 232.

■ The contention that the award of alimony in the sum of $25,200 is excessive and unjust is not well taken.

■ Alimony has for its basis maintenance only. Hill v. Hill, supra. The court in this case has made it possible for the defendant to pay this alimony in monthly sums of $300 per month, a sum below that which plaintiff has been accustomed to from the income of the defendant. Though the defendant claims that his income is insufficient to pay that amount, yet the amount appears to be commensurate with his income. The record discloses that he, his wife and their child have been accustomed to much more. They lived in an air conditioned home in Tulsa, had an $11,500 air conditioned cabin on a lake near Tulsa, owned riding horses, two motor boats, a jeep, a cabin cruiser boat, and each had an air conditioned car. From these facts we cannot say that the amount of the alimony is excessive, unjust or unnecessary for the maintenance of plaintiff, she having the care and custody of their minor child.

It is called to our attention that during the pendency of this appeal, payments have been made in accord with the order of this court. These payments should be applied as payments duly made on the alimony judgment, and it is so ordered.

Finally, we consider the alleged error of the court in finding that the defendant was the owner of an undivided interest in the real property of his mother, Annie L. Ward, and impressing a lien upon same for the alimony judgment.

The property claimed by the defendant, Annie L. Ward, as her individual property and allegedly not subject to the aforesaid lien, principally consists of an apartment house located on Lot 33, Block 2 (21st Street and Boston Avenue), Boston Addition to the City of Tulsa, and her home place on 27th Street, Lot 7, Block 17, Sunset Terrace Addition to the City of Tulsa.

■ The record discloses that the alleged home property located on 27th Street was held by John L. Ward, Sr., and his wife, Annie L. Ward, as tenants in common at the time of the death of John L. Ward, Sr. At the senior Ward's death, their son and only child, John L. Ward, Jr., inherited a one-fourth interest in the property, and the court so found. There was no error in impressing a lien thereon for alimony judgment to the extent of his interests therein, subject to surviving spouse's homestead rights.

■■ However, we think that the judgment holding that John L. Ward, Jr., owned an undivided one-half interest in the apartment house located on 21st and Boston Avenue in Tulsa and other trust properties of his mother, Annie L. Ward, and subjecting same to a lien for the payment of the alimony judgment against him, was against the clear weight of the evidence and contrary to law.

The property allegedly held in trust for Annie L. Ward was deeded without consideration to John L. Ward, Jr., by John L. Ward, Sr., in 1937, several years before Mr. Ward, Sr., died and four or five years after the plaintiff and defendant John L. Ward, Jr., were married. It was orally agreed that the property was to be held in trust by John L. Ward, Jr., for the use and benefit of his mother, thereby creating an oral trust which was carried out at all times by John L. Ward, Jr. It was undisputed that John L. Ward, Jr., gave no consideration for the property deeded to him under these circumstances, and that he

never retained any of the income received from such property, and when any of the trust property was sold he turned the proceeds of the sale to his mother, or if reinvested, it was done with the consent and approval of his mother.

It is also undisputed that his mother was the sole beneficiary of insurance policies on the life of her husband, John L. Ward, Sr., which were in the sum of $27,500; that she used all of this and some of the proceeds of the sale of some of the trust property to pay for the apartment house; that she had at all times managed the apartment house, rented the apartments and collected the rents, and that at no time did her son, John L. Ward, Jr., collect the rents or have any proceeds from the rents or sale, and that he never at any time included any of the income in his income tax reports.

It was undisputed that the plaintiff knew of this property arrangement, and that same was never questioned by anyone until this divorce action was begun. In fact, the evidence of the plaintiff corroborates and substantiates the contentions of Annie L. Ward, defendant. The plaintiff, Lillian Patricia Ward, and defendant, John L. Ward, Jr., on January 19, 1954, executed a deed to the apartment house and vacant lots in Berry Addition to Annie L. Ward, which was more than a year before plaintiff filed suit for divorce. Thus the trust in this case as to that property was fully executed. Oklahoma National Bank v. Cobb, 52 Okl. 654, 153 P. 134; 1 Bogert, Trusts and Trustees, Executed Oral Trusts of Land, Sec. 69.

In this connection, however, there is a conflict in the testimony given at the time of the trial of the divorce action as to why this deed was executed. Annie L. Ward said the plaintiff came to her and suggested that transfer be made because she was going to seek a divorce from the defendant and that she wanted the property in the name of Annie L. Ward. The defendant, John L. Ward, Jr., in substance, testified that the conveyance was made in compliance with an oral agreement between him and his father that the property should be the property of Annie L. Ward. The plaintiff testified that the conveyance was made against her will and at the request of the defendant. No one disputes, however, the fact that when the property was transferred by John L. Ward, Sr., to John L. Ward, Jr., that there was no consideration given. Unquestionably, there was an oral trust created on behalf of the mother, Annie L. Ward, and from a standpoint of reason and justice, it occurs to us that since John L. Ward, Sr., was an attorney at law and had been for several years and was in bad health at the time of creating the trust, and his son John L. Ward, Jr., being a successful attorney, that it was a fitting and proper thing to do to create an oral trust for the benefit of his mother, which would not only keep Annie L. Ward, his wife and John L. Ward, Jr.'s mother, from becoming an object of charity, but at the same time avoid expensive administration proceedings and give her the benefit of her son's legal counsel and guidance. Certainly the senior Ward did not mean to leave Mrs. Annie L. Ward without any means of livelihood. Under those circumstances and under the undisputed facts, it was against the clear weight of the evidence to render judgment holding that John L. Ward, Jr., inherited from his father a one-half interest in such property and impressing a lien on same for his alimony judgment.

The cause is affirmed as to the division of the jointly acquired property, and the amount of alimony, but reversed as to the court's finding that the defendant John L. Ward, Jr., had a one-half undivided interest in the property of Annie L. Ward, which was formerly held in trust for her by John L. Ward, Jr. and which he had deeded to her in full execution of the oral trust. 1 Bogert, Trusts and Trustees, supra, and cited cases in foot note (34), Sec. 69.

WELCH, C. J., CORN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.