**Burney Bee LASTER, Plaintiff in Error,**

v.

**Thelma Sally Ann LASTER,
Defendant in Error.**

No. 39583.

Supreme Court of Oklahoma.

April 10, 1962.

Murdock, Schwabe & Monnet, by Edward O. Monnet, Tulsa, for plaintiff in error.

Roehm A. West, Jr., Tulsa, for defendant in error.

WILLIAMS, Chief Justice.

This action was commenced by defendant in error, plaintiff below, to secure a divorce, child custody, child support, alimony, and attorney fees from plaintiff in error, defendant below, on the statutory grounds of incompatibility. Hereafter the parties will be designated as in the trial court.

The evidence revealed that plaintiff and defendant were married in 1925; that they have four children, three of whom are married; that the plaintiff has been employed ten years at a Tulsa hospital as a nurse's aid; that her take home pay "runs anywhere from $53.00 to $58.00 every two weeks"; that the defendant is an automobile mechanic and has his own garage; that defendant's net income for the years 1958 and 1959, as indicated on his income tax returns for those years, was $2259.46 and $2120.86 respectively; that defendant at the time of trial was not able to work full time because of bursitis in one arm, but that his condition was improving; that he owes debts of $745.00.

The trial court appointed appraisers to ascertain the value of the pieces of real estate the parties had acquired during their marriage. The property on which the home is located was appraised at $5750.00 and the garage and surrounding realty were appraised at $7500.00 The defendant placed a value of $12,000.00 upon the garage property, which figure evidently was based on the $11,700.00 spent for and on the property.

The trial court granted plaintiff the divorce, awarded her the home, all the household furniture (the value of which was estimated at $500.00), one of three motor vehicles (worth some $75.00 to $85.00) owned by the parties, custody of their 16 year old son, and $37.50 per month for his support, $9000.00 alimony, payable $75.00 per month and $500.00 for plaintiff's attorney's fee. The defendant was awarded the garage property, mechanic tools of the estimated value of $300.00, and the other two motor vehicles (worth about $100.00 plus).

On appeal defendant contends that "the award of alimony, attorney's fees, and division of property, by the trial court, was excessive and an abuse of the trial court's discretion."

Defendant argues that "an award of alimony and property division is * * * by way of an equitable division of the funds and assets of the parties accumulated during their marriage"; that "The combined value of the alimony decree awarded to plaintiff, along with the property which she would obtain from the decree, exceeds considerably the total assets accumulated by the parties during their marriage. * * *"

When a divorce is granted by reason of the fault of the husband it is declared in the statute, 12 O.S.1961 § 1278, that alimony may be allowed as the court shall think reasonable, having due regard for the value of his real and personal estate and ability at the time of the divorce, and the wife's condition and means. Van Horn v. Van Horn, 189 Okl. 624, 119 P.2d 825.

In Tobin v. Tobin, 89 Okl. 12, 213 P. 884, 889, we said:

"In the case of Johnson v. Johnson, 57 Kan. 343, 46 Pac. 700, the Supreme Court of Kansas, in passing on the property rights of the parties, among other things said:

" ' "Alimony is an allowance which, by order of court, the husband, or former husband, is compelled to pay to his wife, or former wife, from whom he has been legally separated or divorced, for her support and maintenance." The foundation for its allowance is the duty of the husband to provide for the wife's support; and where a divorce or separation occurs because of his fault, the duty of providing for her maintenance continues, and the court

by an allowance of alimony compels its performance.'

"This comment by the Kansas court stated the law and the rule to be followed in this state, under the above-mentioned first subdivision of said section 4969." (now 12 O.S.1961 § 1278.)

In Dobry v. Dobry, 203 Okl. 327, 220 P.2d 698, 701, we said: "The fact that the plaintiff may earn something by her own labor does not lessen the duty of the defendant to contribute to her support, but such fact is of proper consideration in determining what amount of the defendant's property should be taken in contribution to her support where his prospective earnings and property are not sufficient in amount to make it equitable and just for him to bear the whole burden of her future support."

■ Taking into consideration all the circumstances in this case, and especially the extent of the defendant's estate and his earning capacity as reflected from his income tax returns for a period of two years, and his future prospects in the garage business as viewed from his present physical condition even though it may be improving, we think the plaintiff is entitled to alimony in the sum of $6000.00. It is observed that no supersedeas bond appears in the casemade and it is therefore assumed that defendant has made some payments for which he is entitled to credit on the judgment for alimony.

It is therefore ordered that the trial court vacate that portion of the judgment in the decree of divorce granting alimony in the amount of $9000.00 and that the same be reentered in the amount of $6000.00 payable in monthly installments of $50.00 each over the period of time necessary to pay out any balance thereof now remaining unpaid, such payments to be payable on or before the 10th day of each successive month commencing with the first month after this opinion becomes final, and that the balance be reduced by any credits to which the defendant may be entitled by reason of any payments made during the pendency of this appeal.

■ In Noel v. Noel, 206 Okl. 16, 240 P.2d 739, we said (in the syllabus):

"When the trial court in a divorce action awards alimony in money which is excessive under all the circumstances shown and entitled to consideration, it is the duty of this court on appeal to fix the alimony award at a reasonable amount."

Defendant further contends "that the trial court's award of $500.00 attorney's fees to the plaintiff's attorney was excessive."

■ The trial court, under 12 O.S.1961 § 1276 may allow the wife a reasonable attorney's fee "considering the respective parties and the means and property of each". What constitutes a reasonable fee is largely in the discretion of the trial court. Brannon v. Brannon, 207 Okl. 529, 250 P.2d 447.

This appeal by the defendant has necessitated additional work on the part of plaintiff's attorney.

■■ In McElreath v. McElreath, Okl., 317 P.2d 225, we said:

"In determining the amount of reasonable attorney's fee that should be allowed a wife in a contested divorce action, the ability of the husband to pay and the means and property of the parties are factors to be considered, and where the allowance made by the trial court is reasonably supported by the evidence, and is reasonable under the circumstances, it will not be disturbed on appeal."

■ After a careful consideration of the record in this case and the amount of work done by plaintiff's attorney in the trial court and in this court, we are unable to say that the fee ($500.00) awarded him by the trial court is contrary to the evidence or in an unreasonable amount. Such award of attorney's fee in that amount is therefore approved.

The defendant stated in his reply brief that "It is not defendant's contention that the court erred in its division of property." In view of this statement we have not delved into the merits of the division of the property.

The judgment of the trial court is modified as above set forth and as so modified, is affirmed.