**Wayne M. BOUMA, Plaintiff in Error,**

**v.**

**Virginia K. BOUMA, Defendant in Error.**

**No. 41804.**

Supreme Court of Oklahoma.

March 19, 1968.

Will T. Wright, of Wright & Sawyer, Enid, for plaintiff in error.

Edward C. Montgomery, of Montgomery & Curtis, Fairview, for defendant in error.

BERRY, Judge:

Defendant in error, hereafter denominated plaintiff, brought this action for divorce and other relief against plaintiff in error, here designated as defendant. As grounds for divorce the petition alleged among other things extreme cruelty and incompatibility. The relief asked was for divorce, child custody and support, and that all property acquired during coverture be set over to plaintiff. Defendant (plaintiff in error) answered by general denial. The issues raised were presented to the trial court at length.

The parties, married in 1941, were parents of two daughters, one of whom was a minor at the time of trial. During nearly twenty-five years of marriage the parties had acquired approximately 950 acres of farm and ranch land, upon which a relatively new and substantial home had been constructed, and considerable personal property. The evidence disclosed defendant to be a man of violent temper, with evident disinclination to remain at home, or indulge in customary parental activities with his family. The evidence further showed defendant want to absent himseff from home without excuse or apparent necessity, while evincing an inclination to seek other companionship. The trial court granted the divorce upon grounds of extreme cruelty and incompatibility.

The evidence fixed the value from $135,-000.00–$165,000.00 upon the real property, including $42,000.00 valuation of the home. Established largely by agreement, valuation of the personal property encompassed the following items: (1) livestock $8,600.00; (2) machinery including two cars $20,000.-00; (3) corporate stock $4,000.00; (4) bank stock $2,970.00; (5) stock in three co-operatives $3,869.69; (6) stock in propane company and Woodward Production Credit Association $1,600.00; (7) household goods $2,000.00; (8) cash value of defendant's life insurance $10,000.00. The enumerated assets when combined with the land and improvements valued at $150,000.00, the middle valuation fixed within the range of testimony, establishes an accumulated joint estate in excess of $200,000.00. The parties stipulated there was an outstanding indebt-

edness of $12,438.36 owing the Woodward Production Credit Association.

The trial court granted divorce, awarded custody of the minor daughter to plaintiff and ordered $151.50 monthly child support payments for approximately eleven remaining months of minority. In fixing division of the jointly acquired property the court set over to plaintiff an automobile ($2,000.-00), the household goods ($2,000.00), and all farm land except a described 159 acres awarded to defendant. The court ordered defendant to execute conveyances, and further decreed that all liens or indebtedness of the parties be set over against defendant and constitute a lien upon the land awarded defendant.

The contentions advanced for reversal of the judgment assert error in the trial proceedings, and that the property division entered by the trial court was inequitable.

Two contentions concern the exclusion of evidence which defendant sought to introduce indicating much of the land involved was not acquired by joint industry of the parties. By this evidence defendant sought to show cash advances from his father between 1947–1961 had gone into land acquisition. Defendant also sought to introduce into evidence certain checks and notes, in an attempt to establish that he was indebted to his father. With one exception, these obligations appeared barred by limitations and unenforceable. However, our conclusion relative to the attempted division of jointly acquired property obviates need for discussion and disposition of contentions concerning exclusion of defendant's evidence.

■ The trial court's comments prior to rendition of judgment disclosed that suggestions for allowance of alimony were treated as an unsatisfactory solution. Further, the court expressed an opinion as to the extent of plaintiff's need as compared to defendant's ability as an able bodied man to "go ahead and pick up and continue to prosper." The principles governing trial courts in effecting equitable division of jointly acquired property under 12 O.S.1961, § 1278, have been expressed innumerable times. Regardless of which spouse is granted divorce, the paramount requirement is that the court effect the fair and equitable division called for by the statute.

■ The court's duty primarily involves determination, upon equitable grounds, of the extent of each party's rights in the property in view of their respective conduct and efforts as the contributing factors. Upon this basis we have stated: "* * * Hence the question of need affords no criterion and the matter of personal conduct is material only to the extent it may reflect the existence or nonexistence of that endeavor which contributed to the creation of the estate." See Hill v. Hill, 197 Okl. 697, 174 P. 2d 232, p. 234; Moyers v. Moyers, Okl., 372 P.2d 844; Tobin v. Tobin, 89 Okl. 12, 213 P. 884, 889.

The basis of the quoted principle was adopted from the Kansas decision of Bowers v. Bowers, 70 Kan. 164, 78 P. 430, from which jurisdiction our statute was adopted. In Bowers, supra, that court, differentiating between alimony and property division provided in the statute, declared that alimony was based upon maintenance only, whereas property division has for its basis the giving to each party that portion of the property justly and equitably due without regard necessarily for necessities of the case. We recognized and adopted this distinction in Davis v. Davis, 61 Okl. 275, 161 P. 190. Although of controlling effect, this principle frequently is lost sight of in disposition of the affairs of the marital community. Thus, when attempt is made to provide a divorced spouse with maintenance, based partially upon need, to be accomplished by division of jointly acquired property without fixing alimony, confusion and inequities inevitably result.

■ Courts are precluded from fixing alimony as a penalty. Noel v. Noel, 206 Okl. 16, 240 P.2d 739. The same principle requires that this defendant not be penalized

sc as to be denied the right to follow his vocation because of a property division based largely upon consideration of the plaintiff's need and the possibility defendant can "pick up and go ahead" and again attain prosperity.

The agreed valuation of enumerated items of personal property discloses insufficiency of the gross value to support this purported equitable division of the joint property. This is patently reflected in the item of $18,000.00 of farm machinery and equipment set over to defendant. This represented a substantial capital item required for operation of the entire 950 acre ranch and farm property. Necessarily the value would be far less when measured against the requirements for operation upon the 159 acres set over to defendant, particularly since defendant's only vocation was farming and ranching. Farming equipment without land to farm would be of small value. The home ($42,000.00), barn ($10,000.00) and other improvements were located upon 80 acres which, according to defendant's testimony, was worth $75.00 per acre. Except for defendant's testimony placing per acre valuation upon the various described tracts, the only evidence showing value of the parties' holdings was based upon the total valuation of the land and improvements if sold as a unit. Within permissible limitations a value of $150,000.00 for the unit was shown by the evidence.

There was no evidence other than by defendant from which value of the home and improvements upon either the entire tract or a partial acreage could be ascertained. Neither was there testimony of per acre valuation sufficient to provide a proper basis for comparison of different tracts such as would permit equitable division by allocation of comparably valued acreage. The attempted division of jointly acquired property cannot be upheld because made upon other than equitable determinations involving the extent of the rights of each in view of their respective acts and conduct as the contributing factors to acquisition of the entire marital estate.

The usual rule is that in cases of equitable cognizance this Court may effect complete adjudication and disposition of the cause. The record in this case is insufficient to provide means for determining an equitable disposition of these parties' affairs without risk of creating further inequity. For this reason that portion of the judgment purporting to fix an equitable division of jointly acquired property must be reversed for further proceedings. See Moyers v. Moyers, supra, and cases there cited.

In Kupka v. Kupka, 190 Okl. 392, 124 P.2d 389, we pointed out that decrees granting divorce and equitable division of jointly acquired property under the statute are not to be reversed unless against the clear weight of the evidence. However, where there is failure to apply the law correctly to the facts, and the evidence concerning the equities of the situation is not sufficiently clear to warrant rendition of the judgment, or to direct the trial court as to the exact judgment which should be rendered, the judgment must be reversed.

The judgment as it relates to the division of jointly acquired property is reversed, and the cause remanded to the trial court with directions to proceed in conformity with the views expressed.

IRWIN, V. C. J. and WILLIAMS, BLACKBIRD, LAVENDER and McINERNEY, JJ., concur.

JACKSON, C. J. and DAVISON, J., concur in result.