**H.D. WILHELM, Appellant,**

v.

**Arlyne E. WILHELM, Appellee.**

**No. 57092.**

Court of Appeals of Oklahoma,
Division No. 4.

March 1, 1983.

Rehearing Denied March 25, 1983.

Released for Publication by Order of
Court of Appeals April 22, 1983.

James B. Browne and John F. Bates,
Oklahoma City, for appellant.

Johnny M. Perry, Gillespie, Perry & Gentry, Sentinel, for appellee.

DeMIER, Judge.

Husband appeals divorce award wherein the wife was granted support alimony of $200 per month, substantial property and attorney fees of $300.

## SUMMARY OF FACTS

The parties were married 39 years and had 10 children, now adults. The husband filed his petition seeking divorce from his wife on the grounds of incompatibility. The wife cross-petitioned claiming "irreconcilable incompatibility".

Uncontroverted at trial was evidence that the wife had not worked outside the home during 38 of the 39 years of the marriage. The husband was a self-taught refrigerator/air conditioner repairman who worked from the family home. The husband's annual income for the year of 1980 had been $6,800 although there was testimony that he had grossed $40,000 in a previous year.

The trial court granted a divorce in June 1981 and awarded the wife alimony in the amount of $200 per month for 15 years totalling $36,000. In the property division the wife was granted the family residence valued at $60,000, household goods valued at $6,400 and a 1974 Ford LTD valued at $4,000. The husband was awarded a 1974 Ford pickup valued at $1,000, a 1972 Ford pickup valued at $3,000, various tool sets and some mineral interests he had acquired through inheritance.

## I

■ THE TRIAL COURT'S JUDGMENT WITH REGARD TO THE ALIMONY AWARD COMPORTS WITH THE CLEAR WEIGHT OF THE EVIDENCE.

■ The trial court's award of $200 per month alimony to the wife is not contrary to the clear weight of the evidence as these payments were clearly awarded on the basis of maintenance and support. *Ward v. Ward*, Okl., 317 P.2d 254 (1957); *Hill v. Hill*, 197 Okl. 697, 174 P.2d 232 (1946). Uncontroverted at trial was the evidence that the wife had worked within the home

for almost the entire marriage. We believe the trial court properly weighed the parties' station in life and the husband's earning capacity. *Herndon v. Herndon*, Okl., 503 P.2d 545 (1972). In such cases the trial court's discretion in fixing alimony should control and its conclusion should not be disturbed unless against the clear weight of the evidence or unless there has been an abuse of discretion. *Eisenreich v. Eisenreich*, Okl., 323 P.2d 723 (1958). We find neither of these conditions exist.

## II

■ THE TRIAL COURT'S DIVISION OF THE PARTIES' JOINTLY ACQUIRED PROPERTY IS INEQUITABLE AND CONSTITUTES AN ABUSE OF DISCRETION.

■ In making the determination of what would constitute an equitable division of jointly acquired property, the paramount consideration involves a determination of the extent of each party's rights in the property and their efforts as contributing factors to the acquisition of the property in question. *Bouma v. Bouma*, Okl., 439 P.2d 198 (1968). The question of need affords no criterion in this determination. Moreover, "the matter of personal conduct is material only to the extent that it may reflect the existence or nonexistence of that endeavor which contributed to the creation of the [marital] estate." *Moyers v. Moyers*, Okl., 372 P.2d 844, 845 (1962); *Hill v. Hill*, 197 Okl. 697, 174 P.2d 232 (1946); *Tobin v. Tobin*, 89 Okl. 12, 213 P. 884 (1923).

■ This is not to say that we require the property be divided equally between the parties. However, we do require that a more equitable division be determined in recognition of the joint efforts of acquisition.

There was testimony from the wife indicating that if she was to be awarded the house then she would sell it to generate some funds for support. The parties agreed at trial that the value of the house was approximately $60,000.

It is the order of this court that the husband be awarded a $30,000 judgment against the wife and it shall constitute a lien against the real property awarded to the wife. The judgment is payable when the wife sells, rents, abandons the real property as her home or dies, and the lien cannot be enforced or foreclosed under any other circumstances. *Peters v. Peters*, Okl., 539 P.2d 26 (1975). This judgment shall be subject to the statutory interest rate until paid.

### III

 THE TRIAL COURT'S AWARD OF ATTORNEY FEES TO THE WIFE IS UNREASONABLE.

The attorney fees in this case should not be excessively burdensome. However, if made the responsibility of only one of the parties, then in light of their economic stature the fees could have a serious impact. We agree with the reasoning in the case of *Gardner v. Gardner*, Okl.App., 629 P.2d 1283 (1981).

The judgment of the trial court as it relates to the attorney fees is therefore modified. The husband is ordered to pay wife's attorney fees in the amount of $300. The husband is awarded judgment against the wife and a second lien on the real estate in the amount of $300 subject to the same terms as set out with regard to the property division judgment.

Affirmed in part and modified in part.

BRIGHTMIRE, P.J., and STUBBLEFIELD, J., concur.