PHILLIPS v. PHILLIPS.

No. 29288.  Feb. 20, 1940.

Rehearing Denied March 26, 1940.

*100 P. 2d 850.*

Reuben M. Roddie and A. L. Beckett, both of Oklahoma City, for plaintiff in error.

Whitten & Whitten, of Oklahoma City, for defendant in error.

DAVISON, J. This case is presented on appeal from the district court of Oklahoma county. Complaint is made of a judgment of that court allowing alimony to the wife, in connection with a decree of divorce granted by reason of the husband's fault, in excess of the value of the husband's real and personal property.

A. E. Phillips, defendant in the court below, plaintiff in error herein, is a school teacher. At the time of the divorce he was employed by the Oklahoma City school district and drawing a salary of $2,165 per annum. He also made about $25 per month teaching in a night school. During their married life the parties had acquired a meager amount of property consisting of an equity in a home, an undivided interest in 20 acres of rural property, and a Ford automobile.

According to the calculations of the plaintiff in error, the alimony awarded exceeded the value of the property by $7,300. In presenting this appeal he relies upon the single proposition that:

"That part of the decree awarding alimony in excess of all the property in the approximate amount of $7,300 is void as beyond the jurisdiction of the court."

It is asserted that under our statute (sec. 672, O. S. 1931, 12 Okla. Stat. Ann. § 1278) alimony cannot be allowed in excess of an amount equivalent to the husband's real and personal property. No other complaint concerning the amount obtained is herein made.

The question presented was cited by this court adversely to the contention of the plaintiff in error in Mathews v. Mathews, 186 Okla. 244, 96 P. 2d 1054, wherein we held that:

"Although the statute (sec. 672, O. S. 1931, 12 Okla. Stat. Ann. § 1278) provides that the wife shall be allowed alimony 'out of the husband's real and personal property,' where a divorce is granted by reason of his fault, alimony may be allowed in a proper case where the husband has no estate."

Upon authority of that case, the decision of the trial court is affirmed.

RILEY, CORN, GIBSON, and HURST, JJ., concur.