## PHILLIPS v. PHILLIPS.

No. 30539. May 26, 1942.

*126 P. 2d 254.*

Whitten & Whitten, of Oklahoma City, for plaintiff in error.

A. L. Beckett, of Oklahoma City, for defendant in error.

PER CURIAM. On the 15th day of January, 1938, a divorce decree was granted to the plaintiff, Zola Phillips. This judgment became final. On the 24th day of August, 1938, the defendant filed a petition to vacate the judgment in divorce on the ground of fraud. This petition was denied, and on appeal to this court the order denying the petition to vacate was affirmed. See Phillips v. Phillips, 187 Okla. 119, 100 P. 2d 850.

Thereafter, on June 4, 1940, defendant filed his second petition to vacate based upon an allegation that for 20 years plaintiff had been acting as a practical nurse for defendant's mother, and after the original decree in divorce had been obtained she filed her action against the mother's estate and collected $4 per day for her services as practical nurse, and that this had been concealed from the defendant; that plaintiff realized from such claim the sum of $2,404 out of an established claim of approximately $3,400. Based upon this allegation the trial court modified the judg-

ment in favor of the defendant by allowing a credit of $555. The court arrived at the $555 by taking one-half of $1,110 which plaintiff had received after the amount deducted for attorney fees and certain other expenses.

The plaintiff has appealed and in eight specifications of error presents three general propositions: (1) That the earnings for nursing defendant's mother are plaintiff's separate property and the court erred in considering such earnings in modifying the former decree; (2) the statute of limitations had run against the right of the defendant to vacate the former decree; and (3) the questions presented in the second application to vacate the judgment of divorce of January 15, 1938, are res adjudicata.

The final proposition of the defendant in error is a renewal of the motion to dismiss heretofore considered by this court and denied. We have reconsidered the motion to dismiss and find no reason to change our former ruling. Suffice it to say the case at bar is readily distinguishable from the line of cases such as Brandt v. Lane, 113 Okla. 14, 237 P. 459, and related cases treating the acceptance of the benefits of an adverse judgment. The claim for the right of dismissal in the case at bar is based upon the fact that certain funds in the amount of $1,195 on deposit in a bank and finally adjudicated in the order of the trial court were taken down by the plaintiff. These funds accumulated because of a delinquency in the obligations arising under the decree of the 15th day of January, 1938. The benefits accepted by the plaintiff were created by her former judgment and she was not accepting the benefits of any judgment in her favor created by the order vacating and modifying her former decree. The motion to dismiss is denied.

We are of the opinion, and hold, that the court erred in deducting $555 from the amount due under and by virtue of the divorce decree of January 15, 1938. In no sense could the decree be opened up and changed because the claim was afterwards reduced to judgment. The trial court, in its order of April 10, 1941,

did not hold that the plaintiff practiced any fraud on the defendant. It is hard to imagine how a finding as to fraud could have been made. Plaintiff herself did not know until following a hotly contested suit quite some time after the original decree that she could depend on such alleged property. The record is clear that plaintiff did not conceal this claim and that defendant knew of the claim from the time it was first urged. The plea of res adjudicata must be sustained. Sawyer v. Sawyer, 182 Okla. 348, 77 P. 2d 703; Stark v. Stark, 185 Okla. 348, 91 P. 2d 1064.

The judgment of the trial court is reversed and the cause remanded, with directions to vacate the judgment entered on the 10th day of April, 1941, and to reinstate the judgment in the original decree of January 15, 1938.

Reversed and remanded, with directions.

CORN, V.C.J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C.J., and ARNOLD, J., absent.