BISHOP v. BISHOP.

No. 31380. April 18, 1944.

Rehearing Denied May 9, 1944.

148 P. 2d 472.

H. L. Smith, of Tulsa, for plaintiff in error.

Frank Hickman, of Tulsa, for defendant in error.

PER CURIAM. On September 1, 1942, William Wallace Bishop, hereinafter referred to as plaintiff, instituted an action against Alice Mary Bishop, hereinafter referred to as defendant, for an absolute divorce. The plaintiff in his petition alleged, in substance, that he and defendant had intermarried in the year 1930, and that of said union one child had been born approximately twelve months prior to the filing of his petition; that defendant had been guilty of extreme cruelty, the details of which

would be furnished in a bill of particulars and proof offered, and that by reason of the tender age of the child its custody and care should be confided to the defendant, and that plaintiff was ready to make such provision for its care as the court should direct. Plaintiff also alleged that he was in possession of considerable property at the time of his marriage with the defendant, but only a portion thereof remained, and that this should be decreed to plaintiff as his separate property, and that plaintiff stood ready to pay any reasonable amount of alimony that might be awarded to the defendant. The defendant denied that there existed any ground for a divorce on the part of the plaintiff and sought a decree of separate maintenance. Subsequently, on suggestion of the court that a divorce would be proper, the defendant amended her cross-petition so as to ask for such relief. The court thereupon granted defendant an absolute divorce, gave the defendant the custody of the minor child of the parties, decreed that the plaintiff should pay $40 per month for the maintenance of said child, gave the defendant a Buick automobile and the furniture and household goods in the home, decreed all of the other property of the plaintiff to be his separate property, and awarded the defendant the sum of $1,000 for her attorney and alimony in the sum of $18,000. The alimony was made payable at the rate of $160 per month with the proviso that should defendant remarry anyone other than the plaintiff all installments of alimony thereafter accruing should be canceled and plaintiff relieved of any further liability. The defendant appeals only from the alimony and division of property provisions of the judgment.

The defendant contends, in substance, that she should have been awarded $48,000 as alimony, and that as part of the division of the property she should have received the residence, and further complains that the provision in the decree relative to cancellation of the accruing installments of alimony in the event of her remarriage to anyone other than plaintiff was unauthorized and should be held void as being in restraint of marriage.

The contentions so advanced require a brief resume of the facts involved. The record shows that plaintiff and defendant were 47 and 23 years of age, respectively, at the time of their marriage, and that each of said parties had been previously married and divorced. The record further shows that plaintiff had no children by his former wife and that defendant had one child by her former husband. The record further shows that plaintiff possessed considerable property at the time of his marriage to the defendant, which consisted of a tract of land in Tulsa on which the parties subsequently had their home, and stock in Bishop's Restaurant in Tulsa and Oklahoma City, and that plaintiff had a good income from the properties owned by him, and that the defendant had no property and no income. The evidence further shows that the plaintiff took the child of defendant into his home and treated her as if she were his own child, but that he never adopted her and that this child had become of age prior to the institution of the present action. The record further shows that the only property acquired during coverture was household goods and furniture, a Buick and Ford automobile, and a ten-acre tract on the outskirts of Tulsa, which plaintiff had bought and equipped as a chicken farm and on which he had placed defendant's father and mother. The record further shows that plaintiff was contributing to the support of his stepmother and an invalid sister. The record further shows that the property of plaintiff at the time of the trial of this action consisted of the home place, which was a duplex, in one side of which the parties had been living, and a small cottage in the rear which the plaintiff had erected and in which he had lived about a year prior to the institution of this action, and a ten-acre tract on which plaintiff had located defendant's father and mother and two-thirds of the stock in the Tulsa restaurant and one-third of the stock in the Oklahoma City restaurant, which were being operated as Bishop's Res-

taurants and from which plaintiff drew salaries approximating $350 per month, and from which he also drew bonuses and dividends in varying amounts at irregular intervals. The value of the properties owned by plaintiff at the time of the trial was not made definitely to appear. It appears, however, that plaintiff had a very substantial income therefrom.

Under the facts, substantially as above narrated, the defendant contends that the amount of alimony awarded should be based upon the income of the plaintiff rather than the value of the property owned by him, and that so considered it should have been the sum of $48,000. Our attention has been directed to Doutt v. Doutt, 73 Okla. 213, 175 P. 740; Hildebrand v. Hildebrand, 41 Okla. 306, 137 P. 711; Mathews v. Mathews, 186 Okla. 245, 96 P. 2d 1054; Phillips v. Phillips, 187 Okla. 119, 100 P. 2d 850, and texts and decisions from other jurisdictions as supporting the contention so made. An examination of the authorities so cited will reveal that they support the rule that alimony may be allowed in proper cases where the husband has no estate, but they do not otherwise apply to the facts here involved. 12 O. S. 1941 § 1278 provides, in part, as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be . . . allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, . . . the court shall make such division between the parties respectively as may appear just and reasonable. . . ."

Under the foregoing statute the allowance of permanent alimony is a matter of sound judicial discretion to be exercised in accordance with established principles and upon a view of all of the circumstances of each particular case. Van Horn v. Van Horn, 189 Okla. 624, 119 P. 825; Harden v. Harden, 182 Okla. 364, 77 P. 2d 721; Doutt v. Doutt and Hildebrand v. Hildebrand, supra. In the exercise of such discretion alimony may be allowed in a proper case where the husband has no estate (Mathews v. Mathews and Phillips v. Phillips, supra), but even in such case the award is still a matter of discretion. In the case at bar the court in its discretion awarded defendant permanent alimony in the sum of $18,000, and in so doing, in view of all the circumstances, we cannot say that the court abused its discretion. The value of the property possessed by plaintiff at the time of the trial was not definitely shown, but it was shown that he was a man of approximately 60 years of age and who, while possessing at the time of the divorce a better than average income, also had, in addition to the obligation of contributing to the support of his minor child and the payment of $160 per month as alimony to the defendant, the obligation to contribute to the support of a stepmother and an invalid sister as well as to pay the mortgages on both the home place and the property which he had purchased for the purpose of providing defendant's father and mother with a home and a means of obtaining a livelihood. The contention of defendant that the court abused its discretion in not allowing her $48,000 as alimony is not sustained by the record.

The defendant next contends, in substance, that the court should have given her the residence, which consisted of the duplex, as constituting an equitable division of the property. It was not shown that this property had been acquired by the parties during coverture; on the contrary, it appears to have been separate property of the plaintiff at the time of the marriage of the parties. The statute, supra, contemplates a division of jointly acquired property. The only jointly acquired property during

212

coverture appears to have been the automobiles, the household goods and furniture, and the equity in the ten acres which plaintiff had purchased and equipped for the use of the defendant's parents. The value of these properties was not shown definitely. The defendant was awarded the Buick car and the household goods and furniture. In the absence of substantial evidence to the contrary, we must presume that such division constituted an equitable division of the jointly acquired property of the parties. In making a division of jointly acquired property the court is not required to divide the property equally between the parties, but is given a wide latitude in determining just what part of jointly acquired property shall be given to each of the parties. Burtrum v. Burtrum, 184 Okla. 61, 84 P. 2d 598; Turlington v. Turlington, 193 Okla. 421, 144 P. 2d 957. We are unable to say that the division of the jointly acquired property in the instant case was inequitable in any respect.

The final contention of the defendant that the provision in the decree canceling installments of alimony in event of remarriage of defendant to anyone other than plaintiff should be stricken as being unauthorized is well taken. The authority of courts to insert in a decree for alimony the clause that it shall continue only while she remains unmarried has been exercised by the English courts in some instances, Lister v. Lister, 14 P.D. 175; Medley v. Medley, 7 P.D. 122; Bradley v. Bradley, 7 P.D. 237; Gladstone v. Gladstone, 1 P.D. 442, but has not been exercised or recognized by the American courts except in a few jurisdictions where alimony rests upon the theory adopted by courts of equity from the ecclesiastical courts. In this jurisdiction provision for alimony is largely controlled by statutes and permanent alimony must be awarded either in specific property or in a definite sum of money. See Gilcrease v. Gilcrease, 186 Okla. 451, 98 P. 2d 906, 127 A.L.R. 735; West v. West, 134 Okla. 226, 273 P. 209; Oder v. Oder, 149 Okla. 63, 299 P. 202; Flaxman v. Flaxman, 169 Okla. 65, 35 P. 2d 950;

Dutton v. Dutton, 97 Okla. 234, 223 P. 149; Javine v. Javine, 134 Okla. 283, 273 P. 267. Such decree is not to be modified by subsequent changes in the circumstances of the parties. Bowen v. Bowen, 182 Okla. 114, 76 P. 2d 900; Gilcrease v. Gilcrease, supra. Under the rule announced in the foregoing authorities, the insertion of the provision for cancellation of alimony payments was unauthorized and the decree will be modified by striking said provision therefrom under the authority of Moseley v. Moseley, 171 Okla. 150, 42 P. 2d 237.

Modified and affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., dissent.