**Jesse Gene ELMORE, Appellant,**

v.

**William J. STONE, Appellee.**

**No. 19862.**

United States Court of Appeals District of Columbia Circuit.

Jan. 7, 1966.

Jonathan Weiss, Washington, D. C., for appellant.

No appearance was entered for appellee.

Before BAZELON, Chief Judge, and BURGER and McGOWAN, Circuit Judges, in Chambers.

**ORDER**

PER CURIAM.

On consideration of appellant's "Suggestion of Mootness," it is

Ordered by the court that this appeal is dismissed as moot.

*Separate statement of Chief Judge Bazelon*

BAZELON, Chief Judge:

In his petition for a writ of habeas corpus, Jesse Elmore alleges that he is being held in a "terrible jail." He states that he is kept under lock and key, behind bars, and in occasional solitary confinement; that this "jail" lacks doctors or psychiatrists, and does not afford even a minimal program of guidance or instruction; that he is "suffering from irremediable harm every moment of detention." Jesse Elmore is thirteen years old. The alleged "terrible jail" is the Juvenile Receiving Home.

The petitioner says that he has not been found to have been involved in any antisocial act, but has been detained in the Home since October 29, 1965, awaiting a hearing on his mother's representation to the Juvenile Court that he is "beyond control." He contends there was no inquiry into whether his mother's allegations are true; whether his present plight is attributable to his delinquency or parental neglect; or whether he needs custody or treatment in general and detention in the Receiving Home in particular. He urges that this detention is violative of due process of law and the constitutional right to bail. He also alleges that he has been "removed from his own family * * * [without being secured] custody, care, and discipline as nearly as possible equivalent to that which should have been given by his parents." 11 D.C.Code § 902 (1961). His petition was denied in the District Court and he appealed.

After oral argument in this Court, the Juvenile Court released petitioner in his

2. Randolph v. Ottenstein, 238 F.Supp. 1011, 1013 (D.D.C.1965).

father's custody. Since the detention from which petitioner sought release no longer exists, I agree that the serious issues raised in his petition are rendered moot.