**Dallas E. WEST et ux.**

**v.**

**UNITED STATES of America.**

**Civ. A. No. 67–H–464.**

United States District Court,
S. D. Texas,
Houston Division.

Oct. 27, 1971.

Rudy M. Groom, Engel, Groom, Miglicco & Sullins, Houston, Tex., for plaintiffs.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., Johnnie M. Walters, Asst. Atty. Gen., Ben A. Douglas, Dept. of Justice, Washington, D. C., Daniel L. Penner, Dept. of Justice, Dallas, Tex., for defendant.

### MEMORANDUM AND ORDER

BUE, District Judge.

This is a civil action against the United States for recovery of federal income taxes allegedly collected by and paid to the District Director of Internal Revenue erroneously and illegally. The Court has jurisdiction of this action under § 1346 of Title 28, U.S.C.

Plaintiffs herein, Dallas West and Frances West, are husband and wife who were residents of the State of Texas at the time suit was filed. Plaintiffs filed their joint income tax returns for the years 1961 through 1964, reporting taxable income and paying tax thereon in the amount set out below:

| YEAR | TAXABLE INCOME REPORTED | INCOME TAX PAID |
|------|------------------------|-----------------|
| 1961 | $ 1,624.59 | $ 50.00 |
| 1962 | 2,538.68 | .00 |
| 1963 | (2,936.13) | .00 |
| 1964 | (1,513.37) | .00 |

Frances West is the former wife of Otto M. Vaughan. The Vaughans were married in Oklahoma in September, 1928, and during their marriage resided within the States of Texas and Oklahoma. In February of 1957, cross petitions for divorce were filed in Oklahoma, and in March of that year a divorce was granted to the plaintiff, Frances West. In conjunction with and two days prior to the divorce, the Vaughans entered into an agreement entitled "Agreement between Husband and Wife for Property Settlement" which provided that the husband would transfer to the wife the home then occupied by her, all of the household goods located therein, one share of stock in the Lakeview Country Club, and a sum of $118,379.83, to be paid as follows: $8,000 cash upon the execution of the agreement, and the remaining $110,379.83 in 121 monthly installments of $912.23 each, the first being paid on April 1, 1957, and the remaining payments being due on the first of each succeeding month. As partial security for the payment of the installment obligation, Otto Vaughan assigned to the Liberty National Bank & Trust Company of Oklahoma City, Oklahoma, for the benefit of his divorced wife, but with legal title remaining in Mr. Vaughan, a certain oil payment as described in agreement of pledge (Plaintiff's Exhibit E) entered into simultaneously with the agreement between husband and wife.

In granting a decree of divorce to Mrs. Vaughan, the District Court found by Journal Entry:

> That the parties have heretofore entered into a contract of property settlement, settling and determining all of their claims and demands, each against the other, arising out of their marriage relation by way of alimony, division of property, claims for maintenance and support, or otherwise, including costs and attorneys' fees incurred by reason of this suit, and that such property settlement was entered into in good faith by the plaintiff and defendant, and that no relief as to property rights or alimony is requested herein, and it is therefore unnecessary for this Court to enter any judgment with reference to alimony, division of property, or claims for maintenance and support herein.

Plaintiffs' Exhibit F. This settlement agreement was expressly approved and confirmed by the Court, and it was adjudicated as a "full, final and complete settlement of all claims and demands between the parties * * * arising out of their marriage relation." *Id.*

Subsequently, the former Mrs. Vaughan married Dallas West, co-plaintiff herein. Sometime during the year 1965, the plaintiffs' tax returns for the years 1961 through 1964 were audited by the Internal Revenue Service, and a determination was made that plaintiffs derived alimony income in each of those years in the amount of $10,946.76 for each year ($912.23 per month x 12) as a result of the payments received by Frances West from Otto Vaughan under the agreement set out above. Plaintiff Frances West claims that the payments received by her from her former husband are nontaxable payments representing merely her portion of the jointly acquired property resulting from that marriage. Defendant claims that the payments constituted alimony and are includable in the plaintiffs' income when received.[1]

---

1. Section 71 of the Internal Revenue Code, 26 U.S.C. § 71, provides:

> If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

Thus, if the Court finds that periodic payments were made in discharge of the husband's obligation and agreement for support and maintenance of the wife (alimony), such sums are includable in the wife's taxable income.

## I.

Plaintiffs first assert that, as a matter of law, such payments must be found to constitute a division of property. That conclusion is required, it is stated, by the following: The Vaughans owned nothing when they got married, but owned in excess of $150,000 at the time they were divorced. Under the provisions of Oklahoma law, 12 Oklahoma Statutes Annotated § 1278, it is mandatory that the jointly acquired property be divided between the parties in a manner that may appear to the Court to be just and reasonable. Thus, the conclusion required by law plaintiffs state, is that the Court must have made some division of property, rendering it a statutory necessity that at least a portion of the settlement award be deemed to have been made in satisfaction of Mrs. West's rights in jointly acquired property. It is also the law in Oklahoma that, in order for an award of alimony to be valid, such award must be for a definite sum. *See*, e. g., Gilcrease v. Gilcrease, 186 Okl. 451, 98 P.2d 906 (1940); Oder v. Oder, 149 Okl. 63, 299 P. 202, 203 (1931). Of course, no definite sum was allocated therein to alimony in this case. Thus, in order for this Court to find that the award made to Mrs. West was a valid one, it must be found that either all or none of that sum constituted an award of alimony. To find that only a *portion* of the ascertained sum was alimony automatically acts to invalidate such alimony award, because no *portion* of the sum was specifically allocated to that purpose in the property settlement accompanying the divorce decree. The effect of these two rules of law, taken together, plaintiffs argue, is that (1) since some portion of the settlement sum was required to be made in satisfaction of Mrs. West's property rights, *and* (2) since any remaining portion thereof (admittedly unspecified in the divorce court's award) cannot constitute a valid award of alimony, that all of the $10,946.76 must have been intended as a division of property.

This Court cannot accept the suggested analysis. First, it is clear that, in Oklahoma, the wife has a vested interest in property acquired by joint effort during marriage, Collins v. Oklahoma Tax Commission, 446 P.2d 290, 295 (Okl.Sup.1968). *See* Collins v. Commissioner of Internal Revenue, 412 F.2d 211, 212 (10th Cir. 1969).

Second, it is true that Oklahoma law *requires* the Court to make an equitable distribution of jointly acquired property:

As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable * * *.

12 Okl.Stat.Ann. § 1278 (1961).

But plaintiffs' conclusion based on these two rules, that is, that the wife must be awarded an equal or significant portion of the jointly acquired property in every case, is not required by Oklahoma law. In Bishop v. Bishop, 194 Okl. 209, 148 P.2d 472, 475 (1944), where the value of jointly acquired property was not definitely established by testimony, the Court approved an unequal but equitable settlement as made by the lower court:

In the absence of substantial evidence to the contrary we must presume that such division constituted an equitable division of the jointly acquired property of the parties. In making a division of jointly acquired property the court is not required to divide the property equally between the parties but is given a wide latitude in determining just what part of jointly acquired property shall be given to each of the parties. Burtrum v. Burtrum, 184 Okl. 61, 84 P.2d 598 * * *.

Thus, although the wife *does* have a vested interest in such property "*to exercise or not* as she may see fit in event of marital discord," Collins v. Oklahoma Tax Commission, 446 P.2d 290, 296 (Okl.

Sup.1968) (emphasis added), that right, if exercised, is further dependent upon the Court's discretion in effecting the required "equitable distribution".

 It is conceivable, then, that in a given case the wife might choose not to exercise that vested right at all, in exchange for a substantially more advantageous alimony award wherein the husband agrees to absorb tax liability. Likewise, it is entirely plausible that the Court, being cognizant of such a settlement, might find that, on the facts, an equitable distribution of property would require a distribution of all such property to the husband and none to the wife.

## II.

Plaintiffs alternatively assert that, in determining the nature of the payments made by the husband to the wife under a written agreement incident to a divorce settlement, the label or form of provision contained in the written contract is not controlling, and the Court will look to the substance of the transaction to determine the true intent of the parties, Phinney v. Mauk, 411 F.2d 1196 (5th Cir. 1969); Taylor v. Campbell, 335 F.2d 841 (5th Cir. 1964). Defendant is substantially in agreement with this statement of the applicable rule.

 In determining the substance of the transaction entered into by the parties, Courts in some jurisdictions have looked to certain criteria to measure and define the nature of the agreement. Thus, payments structured to continue for a definite period of time without regard to the wife's remarriage or the death of the husband have been found to indicate that a property settlement was intended. This factor, however, is non-determinative under Oklahoma law, for in that state monthly payments must be fixed and determinable and not subject to such contingencies as death or remarriage to qualify as alimony, Vanderslice v. Vanderslice, 195 Okl. 496, 159 P.2d 560 (1945); Bishop v. Bishop, 194 Okl. 209, 148 P.2d 472 (1944); Depo. of John Speck at 8.

Likewise, in some states if there is a fixed sum to be paid pursuant to the settlement agreement, a property settlement is indicated in most instances. Here, again, Oklahoma law precludes the use of this factor in ascertaining intent, for, as previously stated, the law of that state requires a sum certain in awards of alimony. Nor can the Court turn to see whether the payments are related to the financial ability of the husband and the financial need of the wife, a factor indicative of an alimony award, inasmuch as there is an absence of proof in both respects in the instant case.

 However, there are additional criteria for such a determination which are of aid to the Court here. Some weight must be given to the fact that there was an accumulation of jointly acquired property during the marriage, in which the wife had certain vested interests which might be exercised at her will and in accordance with the Court's discretion. Notice should also be taken of the rule that alimony is not required in all instances in Oklahoma. In the last analysis, however, the critical factor in determining whether an award for alimony or a distribution of jointly acquired property was made, where as here the law compels no certain finding, is the intent of the parties to such transaction.

 The language of the Property Settlement Agreement itself must be categorized as ambiguous, and, accordingly, the intent of the parties cannot be said to be truly reflected in that instrument. Thus, parol evidence is clearly admissible to ascertain the intent of the parties to such an ambiguous agreement, Scofield v. Greer, 185 F.2d 551 (5th Cir. 1960); Taylor v. Campbell, 355 F.2d 841 (5th Cir. 1964).

 There is testimony that Mr. Vaughan's attorneys, now deceased, hired Mr. John Speck, an Oklahoma City attorney, for advice on the tax implications of the divorce and for a recommendation as to the best method by which to structure the transaction in order to in-

sure that the payments pursuant to the agreement would be considered as alimony. There is further testimony by Mr. Vaughan and Mrs. Mary L. Weiss, a partner in the law firm then representing Mr. Vaughan, that the agreement of the parties was that payments made to Frances West were for her maintenance and support including an amount sufficient to cover the additional tax liability accruing to Mrs. West by reason of inclusion of those amounts in her income. This reasoning is the basis of the amount of the payment of $912.23 per month.

The testimony of Mrs. West herself reflects total reliance upon her attorney, now deceased, to negotiate her rights and obligations pursuant to the Agreement, and further reflects that Mrs. West had formed no intent in her mind to characterize the payments as either alimony or property settlement. Moreover, there is no proof as to the value of the jointly acquired property at the date of divorce, thus making it all the more difficult to find that a property distribution was intended, or that an equitable distribution of such property was effected.

While there may have been an agreed course of action arrived at by counsel for both Mr. and Mrs. Vaughan, there is considerable doubt in the opinion of this Court that there was any meeting of the minds between the parties themselves. However, the weight of the evidence compels this Court to find that the parties, as represented by counsel, agreed upon monthly payments to be made for Mrs. West's support and maintenance, in an amount reflective both of the plaintiff's need and of the extreme difficulty and expense of trying to determine the exact value of the jointly acquired property at the date of divorce. Plaintiffs have not shown by a preponderance of the evidence that a property settlement was intended. Accordingly, under the evidence persuasive to this Court and the applicable law, the periodic payments to the wife are construed as alimony and, therefore, are includable in her taxable income for the years in question.

These constitute the Findings of Fact and Conclusions of Law of the Court. Counsel will submit, within twenty (20) days from the entry of this Memorandum, a judgment in accordance therewith for entry by the Court. It is so ordered.