**Dallas E. WEST and Frances P. West, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 72–1168.

United States Court of Appeals, Fifth Circuit.

April 27, 1973.

Rudy M. Groom, Melvin M. Engel, Houston, Tex., for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D. C., Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Howard A. Weinberger, Richard Farber, Attys., Washington, D. C., Tax Div., Dept. of Justice, for defendant-appellee.

Before TUTTLE, WISDOM and SIMPSON, Circuit Judges.

PER CURIAM:

The judgment is affirmed for the reasons stated in the opinion of Judge Carl O. Bue, Jr., 332 F.Supp. 1102 (S.D.Tex. 1971), upholding the determination of the Commissioner that the taxpayers derived alimony income in the years 1961–1964 in the amount of $912.23 a month. 26 U.S.C. § 71. The decision of the district court was based on its finding that the evidence compelled its holding:

> [T]he parties, as represented by counsel, agreed upon monthly payments to be made for Mrs. West's support and maintenance, in an amount reflective both of the plaintiff's need and of the extreme difficulty and expense of trying to determine the exact value of the jointly acquired property at the date of divorce. Plaintiffs have not shown by a preponderance of the evidence that a property settlement was intended. Accordingly, under the evidence persuasive to this Court and the applicable law, the periodic payments to the wife are construed as alimony and, therefore, are includable in her taxable income for the years in question.

This is a narrow holding, one confined to the facts presented below.

The district court's determination not to segregate alleged property settlement payments from alimony payments was consistent with the court's decision that the parties intended all of the periodic payments as payments in lieu of alimony.

The district court did not err in its rulings on the admissibility of evidence offered by the parties.

The judgment is affirmed.