Carolyn SMITH, Appellant,

v.

Jerry L. SMITH, Appellee.

No. 78696.

Court of Appeals of Oklahoma, Division 4.

Feb. 9, 1993.

A. Daniel Woska, Naifeh & Woska, Oklahoma City, for appellant.

Tom A. Lucas, Lucas Law Offices, Norman, for appellee.

BOUDREAU, Presiding Judge.

In this divorce action Wife seeks review of the trial court's exclusion at trial of her evidence relating to the bad acts of her husband during their marriage. The questions on appeal relate to the role of fault as a consideration in a divorce case. Wife contends that Husband's conduct is probative on the issues of property division, alimony and grounds for divorce.

Wife filed a petition in March of 1991, seeking a divorce from her husband. In July of 1991, she filed an amended petition requesting that she be granted support alimony. In August of 1991, she again amended her petition seeking a divorce on the grounds of adultery and mental cruelty as well as incompatibility. The second amended petition was filed without leave of the court and without the consent of her husband.

Prior to trial, the parties briefed the issue of whether Wife was entitled to present evidence of Husband's misconduct in support of her request for support alimony and/or property division. At the beginning of trial, the court ruled that evidence of Husband's misconduct was not relevant to either issue and entered an order *in limine* to that effect. At the conclusion of her case-in-chief, the appellant made an offer of proof which extended for nearly five pages in the trial transcript. The offer indicated that Wife was prepared to call six witnesses who would testify to numerous affairs by Husband during the course of the marriage. On November 5, 1991, the court rendered its judgment, granting a

divorce to the parties on the grounds of incompatibility and dividing the jointly-acquired property. It denied Wife's request for support alimony.

## I

 Wife first contends that evidence of Husband's bad acts during the marriage is relevant to the issue of an equitable division of the property. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 12 O.S. 1991 § 2401. The issue tendered by Wife is not a question of logical relevancy or whether the evidence logically tends to establish the proposition which it is offered to prove. Rather, it is one of legal relevancy. It asks the question: Is Husband's misconduct during the marriage a fact that is of consequence in determining an equitable division of marital property? Contested issues of law are reviewable in all actions by a de novo standard—which means no deference, not necessarily a full rehearing or new factfinding. *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

 In determining what constitutes an equitable division of jointly-acquired property, the primary consideration of the trial judge entails a determination of each party's rights in the property and their efforts as contributing factors to the acquisition of the property. *Bouma v. Bouma*, 439 P.2d 198, 200 (1968). Personal conduct is material only to the extent that it may reflect the existence or non-existence of that endeavor which contributed to the creation of the marital estate. *Id.* (citing *Hill v. Hill*, 197 Okla. 697, 174 P.2d 232 (1946)).

Wife's offer of proof failed to present the trial judge with any instances of personal misconduct on the part of Husband which involved the dissipation of marital assets. Although the offer suggested that a witness would be asked a question about a transfer of accounts, the offer did not indicate to the judge that the answer of the witness would elicit any evidence of secreting or wasting assets. Error may not be predicated upon a ruling which excludes evidence if the substance of the evidence was not made known to the judge by offer or was not apparent from the context within which the question was asked. 12 O.S. 1991 § 2104(A)(2). Based on what he was provided in the offer of proof, the trial judge was correct in determining that the evidence of Husband's extra-marital affairs had no relevancy to the issue of property division.

## II

 Wife next contends that evidence of Husband's bad acts during the marriage was probative on the issue of support alimony. As with the previous issue, this issue involves a question of legal relevancy, *i.e.*, is the husband's misconduct a fact that is of consequence in determining either the entitlement to, or the amount of, alimony. Being a contested issue of law, the standard of review is de novo. *Salve Regina College*, —— U.S. at ——, 111 S.Ct. at 1217.

 It is clear that fault is no longer the basis for an award of alimony as the Oklahoma Legislature in 1975 excised the notion of fault from 12 O.S.1971 § 1278 (now renumbered at 43 O.S.1991 § 121). Today, the controlling factors for alimony awards are the needs of the party receiving the alimony and the ability of the other spouse to pay. *Johnson v. Johnson*, 674 P.2d 539 (Okla.1983) (alimony is awarded based on demonstrated need); *Wood v. Wood*, 793 P.2d 1372 (Okla.Ct.App.1990). Over the years, the Supreme Court of Oklahoma has identified a myriad of other factors that the trial court may consider in awarding alimony.[1] In *Kirkland v. Kirkland*, 488 P.2d 1222, 1227 (Okla.1971), and *Stansberry v. Stansberry*, 580 P.2d 147, 150 (Okla.1978), the supreme court stated the court may consider the conduct of the parties in determining the amount of alimony. The court did not, however, address the issue of whether misconduct is also a circumstance

---

**1.** *See Bowman v. Bowman*, 639 P.2d 1257, 1262– 63 n. 8 (Okla.Ct.App.1981).

affecting a right to an alimony allowance, as well as a circumstance affecting the amount of the award.

■ Although the notion of misconduct or fault still has vitality in Oklahoma in determining alimony, we believe its application to be limited. In our view, the supreme court intended to restrict evidence of marital misconduct to those situations where the "need" for alimony arose out of, or was aggravated by, the misconduct. For example, if the physical or emotional health of the party seeking alimony was damaged as a result of the acts of the spouse, this would certainly be a circumstance the court could consider as affecting the right to alimony or the amount. Under no circumstances can alimony be used to punish a litigant. Although the conduct of a spouse during a marriage may be reprehensible, it may not, by itself, be the basis for levying a penalty against the spouse in the form of alimony. *Holeman v. Holeman,* 459 P.2d 611, 613 (Okla.1969).

Wife's offer of proof in this case failed to establish a link between Husband's misconduct and her "need" for alimony. We reiterate that error may not be predicated upon a ruling which excludes evidence, if the substance of the evidence was not made known to the judge by the offer of proof or was not apparent from the context within which the question was asked. 12 O.S.1991 § 2104(A)(2).

We also add that the trial record belies the existence of need on the part of Wife. In the calendar year before the filing of the divorce, she earned $60,000 whereas Husband earned about $50,000. It also appears from the briefs that she received a greater share of the marital estate. It is quite clear that Wife is seeking an alimony award as a form of penalty against Husband. Under these circumstances, the trial judge did not err in excluding evidence of Husband's misconduct.

### III

■ As a final proposition of error, Wife contends that the trial court erred in excluding evidence of Husband's misconduct on the issue of the grounds for divorce. The trial judge granted a divorce on the grounds of incompatibility. Wife points out that she sought a divorce on the fault-related grounds of adultery and extreme cruelty. She contends that the court should have heard all relevant evidence addressed to these grounds before it granted the divorce.

■ Ordinarily, Wife would be correct in her contention. The fact that a non-fault-related ground, such as incompatibility, has been pled and proved does not permit a judge to exclude relevant evidence of properly-pled, fault-related grounds. Both adultery and extreme cruelty have long been recognized as statutory grounds for divorce in Oklahoma. 43 O.S.1991 § 101. The Oklahoma Pleading Code allows a party to demand relief of several types or in the alternative. 12 O.S.1991 § 2008(A)(2). Further, at trial, a party may rely on two or more statements of a claim. 12 O.S. 1991 § 2008(E)(2). These statutory provisions compel a trial judge to hear all relevant evidence addressed to properly-pled grounds.

■ However, this appeal does not present a case of properly-pled grounds. Husband filed his answer to Wife's petition for divorce on April 19, 1991. Subsequent to Husband's filing, Wife filed an amended petition asserting both adultery and extreme cruelty as grounds for divorce. She filed the amended petition without leave of the court or without the consent of the opposing party. Once a responsive pleading has been served, failure to obtain leave of the court or the written consent of the adverse party to file the amendment renders the amendment totally ineffective. *Hunter v. Echols,* 820 P.2d 450, 452–53 (Okla.1991). As the amendment is deemed not to have been filed, the only properly-pled ground was incompatibility. The trial judge did not err in excluding the evidence.

The decision of the trial court is affirmed in all respects.

REIF, V.C.J. (sitting by designation), and STUBBLEFIELD, J., concur.