2013 OK CIV APP 107

**In re The MARRIAGE of Lezlie A. JANITZ and Roger E. Janitz:**

**Lezlie A. Janitz, Petitioner/Appellant,**

**v.**

**Roger E. Janitz, Respondent/Appellee.**

**No. 110680.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 8, 2013.

Marcus S. Wright, Tulsa, Oklahoma, for Petitioner/Appellant.

D.E. Dismukes, Dismukes Law Office, Tulsa, Oklahoma, for Respondent/Appellee.

BRIAN JACK GOREE, Judge.

¶ 1 Petitioner, Lezlie A. Janitz (Wife) seeks review of that part of the trial court's Agreed Decree of Dissolution of Marriage (Decree) in which it awarded certain property to Respondent, Roger E. Janitz (Husband), as his separate property, divided a debt it characterized as a marital debt, and refused Wife's request for support alimony. We affirm.

¶ 2 In 1993, Wife and Husband were married. In 1997, Husband moved out of the home, and fourteen years later, on March 14, 2011, Wife filed a Petition for Dissolution of Marriage.[1] Following a trial of the matter,

---

1. In an Agreed Temporary Order, the trial court awarded Wife "... temporary support alimony

in the amount of $4,250.00, minus $1,380.46 for the Mortgage and Mortgage Insurance on the

the trial court entered an Agreed Decree of Dissolution of Marriage (Decree) on April 11, 2012. In the Decree, the trial court found, among other things, the parties separated in June 1997 and that joint industry ended at the time of separation. It divided their marital property and also found Wife was not entitled to support alimony. Wife appeals.

¶ 3 A divorce action is one of equitable cognizance in which the trial court has discretionary power to divide the marital estate. *Teel v. Teel,* 1988 OK 151, ¶ 7, 766 P.2d 994, 996. We will not disturb that division unless we find an abuse of discretion, or that the trial court determination is clearly contrary to the weight of the evidence. *Id.* at 998. Likewise, a trial court is vested with wide discretion in awarding support alimony. *Hutchings v. Hutchings,* 2011 OK 17, ¶ 14, 250 P.3d 324, 327.

## I.

¶ 4 Wife complains the trial court abused its discretion in dividing the parties' property because it found the parties separated in June 1997 and joint industry ceased on that date; therefore, the property Husband accumulated thereafter was his separate property.

¶ 5 Husband is an oral surgeon who began his practice in 1985. In 1987, he purchased a home. Following the 1993 marriage, Wife and her daughter from a previous marriage moved into the home with Husband. Husband never added Wife's name to the title to the home. He moved out of the home in June 1997 and moved in with his mother when she became ill.

¶ 6 From 1997 until 2011, when she filed for divorce, Wife and her daughter lived in the home, and Husband continued to support both of them. Specifically, he paid the house payment, the utilities, Wife's cell phone, all of her credit cards, homeowners' insurance, her car, automobile insurance, real estate taxes, and medical bills. Also, Husband and Wife filed tax returns as a married couple for the entire 18 years of marriage.

first of each month until a Final Decree of Disso-

¶ 7 In 2000 or 2001, Wife attended school to become an aesthetician. She received a grant to finance her training and then began repaying the grant, but Husband paid the balance. Also, in 2001, Wife filed a petition for dissolution of the marriage, which apparently was dismissed.

¶ 8 During the marriage, Husband had his own checking account, and Wife had her own. After he left the home in 1997, Husband left some clothing and his woodworking shop there. He testified he spent one night at the home when Wife was there, and spent two nights dog sitting when Wife and her daughter were out of town. Otherwise, after he left the home in June 1997, Husband and Wife remained apart and never again lived in the home together. The trial court's determination that Husband and Wife separated in June 1997 is not against the clear weight of the evidence. *Teel v. Teel,* 1988 OK 151, ¶ 7, 766 P.2d at 998.

¶ 9 Joint property is that which is accumulated by joint industry of the spouses during a marriage. 43 O.S.Supp.2006 § 121. *Smith v. Villareal,* 2012 OK 114, ¶ 8, 298 P.3d 533, 536. Although property acquired during coverture is generally marital property, it is possible for one spouse to acquire separate property during marriage. *See, e.g. Harden v. Harden,* 1938 OK 54, 182 Okla. 364, 77 P.2d 721. In *Harden,* the husband and wife separated, living separate and apart until their divorce. After the separation, the husband acquired certain properties. The Supreme Court held, ". . . there is no circumstance justifying the conclusion that it was in any sense acquired by the joint industry of the parties, or jointly acquired by the parties. . . . The parties never lived together after [the husband] acquired [the property] . . . We therefore conclude that the property involved could not necessarily be said to have been jointly acquired within the meaning of the statute. (now 43 O.S.2011 § 121)." *See also, Weaver v. Weaver,* 1975 OK CIV APP 25, 545 P.2d 1305.

¶ 10 In the present case, the parties did not live together after their June 1997 separation; therefore, the trial court did not

lution of Marriage is entered."

abuse its discretion in determining joint industry ceased thereafter.[2] *Teel v. Teel,* 1988 OK 151, ¶ 7, 766 P.2d at 998. Property acquired by a party between the time of separation and the time of trial is separate property, not subject to division. *See Forristall v. Forristall,* 1992 OK CIV APP 64, ¶ 12, 831 P.2d 1017, 1020.

¶ 11 In the Decree, the trial court awarded Husband, as his separate property, his IRA, his 2002 Buick Le Sabre, and the 2006 Mazda Miata. Wife contends these items were accumulated during the marriage. However, the 2002 Buick Le Sabre, the 2006 Mazda Miata, and Husband's IRA, which he created in 2000, were acquired after separation.

¶ 12 Wife also contends the office equipment and furnishings and a business account were accumulated during the marriage. The trial court awarded Husband, as his separate property, the office equipment and furnishings. They were acquired by the Husband after he began his oral surgery practice in 1985–86, several years before the parties married in 1993. The trial court did not abuse its discretion in awarding these foregoing items to Husband as his separate property. *Teel v. Teel,* 1988 OK 151, ¶ 7, 766 P.2d at 998.

¶ 13 The trial court awarded Husband the business operating account titled in his name only. Considering the fact that the parties had been separated for 14 years before Wife filed the divorce petition, it was not an abuse of discretion for the trial court to award Husband the business operating account containing funds acquired long after the parties separated.[3] The trial court did not abuse its discretion in awarding the business operating account to Husband. *Id.*

¶ 14 Wife argues the trial court abused its discretion in awarding only one-half of the increase in the net equity of the home from the date of the marriage to the date of separation.[4] The trial court awarded Husband the home as his separate property subject to an award to Wife of one-half of the increase in the net equity of the home between the date of marriage and date of separation.

¶ 15 The home was Husband's separate property at the time of the marriage. Wife's name was never added to the title, and Husband paid the mortgage payments from his separate checking account. Moreover, other than cleaning the home and possibly painting it, Wife does not argue her personal efforts of labor changed the character of Husband's separate property into jointly acquired property.[5] Title *43 O.S.2011 § 121* contemplates a division of jointly acquired property. *Bishop v. Bishop,* 1944 OK 180, ¶ 6, 194 Okla. 209, 148 P.2d 472, 474. The home remained Husband's separate property beyond the date of separation when joint industry stopped. *See Crocker v. Crocker,* 1991 OK 130, ¶ 23, 824 P.2d 1117, 1124. The trial court did not abuse its discretion in awarding Wife no more than one-half of the increase in the net equity of the home from the date of the marriage to June 1997.

¶ 16 Wife further complains the trial court abused its discretion in finding a medical debt incurred after the date of separation was a marital debt and divided it ($1,698.79) between the parties. In its ruling from the bench, the trial court stated:

> The medical bills that are outstanding that have—apparently there's already been a lawsuit on, I have no clue how much or what it is or what it's for. That's already been satisfied in the court and they have named both parties, so that's split fifty/fifty, simply because I have no clue what the basis—I mean, if I had more information, I might go behind that and award that marital debt to some—you know, to one party or the other, but I'm going to split it fifty/fifty. I have no basis not to do that

---

2. Wife does not argue joint industry did not cease at the time of separation.

3. Evidence reveals Husband had $30,000.00 in the business operating account at the time of trial.

4. The parties stipulated the amount of equity in the home which Wife is due is $10,080.00 to be paid from the proceeds of the sale.

5. The enhancement in value of the separate estate of one spouse, attributable to personal efforts of labor by the other, constitutes jointly acquired property that is subject to division. *May v. May,* 1979 OK 82, ¶ 6, 596 P.2d 536, 539.

or I have too lack of information to not do otherwise, and apparently, the lawsuit probably named both of them and said, you're jointly and severally liable and we're going to collect from both of you. However, I'm going to make it a marital debt and divide it fifty/fifty.

¶ 17 Based on the information available to it, we cannot say the trial court abused its discretion in treating the medical debt as a marital debt and requiring each party to pay one-half of the debt. *Teel v. Teel*, 1988 OK 151, ¶ 7, 766 P.2d at 998.

## II.

¶ 18 Wife urges the trial court abused its discretion in refusing to award her support alimony.[6] Oklahoma defines support alimony as a need-based concept, with a purpose of cushioning the economic impact of the post-marriage transition and readjustment to gainful employment. *Hutchings v. Hutchings*, 2011 OK 17, ¶ 15, 250 P.3d 324, 327.

¶ 19 At trial, she requested support alimony for six years and testified the $2,800.00 per month she received as temporary alimony meets her financial needs. She testified during their marriage, she spent the income she made as an aesthetician on her daughter, while Husband paid all other expenses.[7]

¶ 20 A consideration of relevant factors is important when determining whether to award support alimony. The controlling factors are demonstrated need during the post-divorce economic readjustment period and the ability of the other spouse to pay. *Smith v. Smith*, 1993 OK CIV APP 17, ¶ 8, 847 P.2d 827, 829. Additional factors include: the parties' station in life; the length of the marriage and the ages of the spouses; the earning capacity of the parties as well as their physical condition and financial means; the accustomed style of living of the parties; evidence of a spouse's own income-producing capacity and the time need-

ed to make the post-divorce transition for self-support. *Peyravy v. Peyravy*, 2003 OK 92, ¶ 14, 84 P.3d 720, 723.

¶ 21 Husband testified he was no longer financially able to support Wife as he had since 1997.[8] His pretrial declaration indicated that at the time of trial, the difference between his monthly income and his total monthly expenses was $831.96. Wife does not dispute this.

¶ 22 On the other hand, Wife insists that even though Husband's income has fluctuated from year to year, his station in life as an oral surgeon is different from hers as an aesthetician earning $1,100.00 per month.[9] She also points out Husband's lifestyle will not change, but her accustomed lifestyle will change; moreover, she will have no cash assets until she receives the proceeds from the sale of the home.

¶ 23 Husband's inability to pay support alimony is supported by the clear weight of the evidence. *See Ray v. Ray*, 2006 OK 30, ¶ 10, 136 P.3d 634, 636. Wife testified that even though she and Husband have lived apart for fourteen years, they ". . . carried on their relationship as they agreed." Yet, for some time, especially since 2001, when she filed the initial petition for dissolution of marriage, Wife has known the marital relationship with Husband was not thriving. As a result, she has had time to seek more lucrative employment or educational opportunities for such. This Court cannot find the trial court abused its discretion in refusing to award support alimony to Wife. *See McLaughlin v. McLaughlin*, 1999 OK 34, ¶ 12, 979 P.2d 257, 260.

¶ 24 AFFIRMED.

HETHERINGTON, P.J., and MITCHELL, J., concur.

---

6. The trial court awarded Wife $2,500.00 in moving expenses and sixty days to move from the home.

7. Wife testified her monthly income at the time of trial was $1,100.00.

8. Husband also testified his payment of medical bills from his 2010 surgery has reduced his monthly income because he has no health insurance.

9. Wife testified she earns approximately $13,000.00 or $14,000.00 per year, but it varies by $4,000.00 or $5,000.00.